Hanvey *v.* The City of Rochester.

--------◆--------

## HANVEY *vs.* THE CITY OF ROCHESTER.

Where individuals, claiming to be the agents of a municipal corporation, and
to act under resolutions of the common council directing the removal of all
obstructions in a particular street, go beyond the limits of the street, upon
premises in the rightful possession of another and forming no part of such
street, and there commit unlawful acts, to the owner's injury, such individ-
uals are personally liable to the owner of the property, but no action will
lie against the corporation, inasmuch as the wrongful acts were not di-
rected or authorized by the resolutions.

The trespasses not being committed by the agents or servants of the corpora-
tion in the performance of the acts directed or authorized by the resolu-
tions, the corporation cannot be made liable on the principle of *respondeat
superior.*

The common council of a city is the agent of the corporation, and the organ
through which, alone, it can act. The powers of the common council are
limited and defined by law, and it can no more transcend such powers than
an agent in any other case can bind his principal by acts beyond the scope
of the authority conferred upon him. *Per* WELLES, J.

A common council has no authority by its agents, servants or otherwise, to
enter summarily upon premises, within the corporate bounds of the city,
which are owned or lawfully or peacefully possessed by an individual, and
there commit unlawful acts to his injury.

If it does so, its acts will be *ultra vires,* for which the corporation is not lia-
ble; even if the ordinance under the authority of which the wrongful acts
are done, specifically directs the doing of those particular acts.

Hanvey v. The City of Rochester.

APPEAL from a judgment entered on the report of a referee. The complaint charged that the defendants, on or about the 16th day of August, 1858, at Rochester, in the county of Monroe, by themselves and their agents, officers and servants, by them employed and under their instructions and directions, broke and entered the plaintiff's close, described as follows: Being on the east side of the Erie canal, in the second ward of the said city of Rochester, bounded north by the cooper shop of the plaintiff, west by the Erie canal, east by what is denominated on the Magne map, so called, on file in the clerk's office of Monroe county, as Butler alley, and on the south by what is denominated on the Magne map aforesaid as the Magne basin, and then and there broke down and destroyed, prostrated and carried away the gates and fences of the said plaintiff, then and there standing and being, and tore down, razed, prostrated and destroyed the sheds and buildings of the plaintiff thereon erected and being, and took and carried away the staves and heading of the plaintiff, to wit, 100,000 staves and 100,000 heading, being the property of the plaintiff, and took and converted the same to their own use.

The answer states two defenses: 1. A general denial. 2. That the plaintiff having placed certain obstructions in a public street or alley, in the said city of Rochester, known as Butler alley, whereby the free, clear and unimpeded use of the public was hindered and prevented, the defendants ordered their superintendent to remove such obstructions from said alley, and the superintendent did remove such obstructions for the cause aforesaid, doing no unnecessary damage, &c., which are the same alleged grievances mentioned in the complaint, &c.

The action was referred to a referee to hear and decide, who reported the following facts: That the defendants, by their officer, the city superintedent and his hands, entered wrongfully the close and premises of the plaintiff, situated in the second ward of the city of Rochester, on or about the

Hanvey *v.* The City of Rochester.

16th day of August, 1858, and then and there tore down and prostrated a certain building and shed belonging to the plaintiff thereon, and removed and disturbed certain staves and heading of the plaintiff; that said acts were done by said city superintendent, by the express directions and under the resolutions of the common council of said city, duly passed at a regular meeting thereof; that the plaintiff, at the time of said entry upon said premises, and the tearing down of said building and shed, and the removal of said staves and heading, was in the lawful and peaceable possession of the same, and that the defendants had no right or authority to enter thereon; and that the said entry and the tearing down of said buildings, and the removal of said staves and heading by said superintendent, by direction of the defendants, was wholly without right and unlawful, and that the plaintiff sustained damages thereby to the sum of fifty-one dollars, and the referee directed judgment for that sum, with costs, &c.

Judgment was accordingly entered upon the report. This appeal is from that judgment.

*J. L. Requa,* for the appellants.

*Truman Hastings,* for the respondent.

*By the Court,* WELLES, J. The case shows that the acts of the defendant, for which the recovery was had, were done in pursuance of two resolutions passed by the common council of the city of Rochester. The first was passed on the 29th day of June, 1858, and was as follows: "Resolved, that the superintendent be requested to remove all obstructions in Butler alley." The second was passed August 10, 1858, and was as follows: "Resolved, that the city surveyor be directed to mark the lines of Butler alley, in order to enable the superintendent to remove the obstructions from said alley."

These resolutions contain all the authority or interference which the common council have attempted to exercise in re-

lation to the property of the plaintiff, and all the directions which they have given on the subject. It will be perceived that neither of them points or refers to any property in particular, but they are general with a view to the removal of obstructions in Butler alley. It is true the referee finds that the particular acts complained of were done by the city superintendent, by the express directions and under the resolution of the common council, duly passed at a regular meeting. The referee probably does not mean to say that any other direction was given than that contained in the resolutions. If he does, there was no evidence to sustain such finding. All that the common council directed or authorized to be done, was that the obstructions in Butler alley be removed. It was and is claimed by the plaintiff that the *locus in quo* was no part of Butler alley. It is described in the complaint as bounded on the west by Butler alley. The referee finds that at the time of the commission of the wrongs complained of, the plaintiff was in the lawful and peaceable possession of the premises.

Assuming the truth of these propositions, viz. that the place where the trespasses complained of were committed was not a part of Butler alley, and that the plaintiff was in the lawful and peaceable possession of the premises, the resolutions of the common council did not direct or authorize the wrongful acts in question ; and on that hypothesis, there is no ground for sustaining the action against the defendants. If individuals, in claiming to act as agents of the city, have committed the injuries to the plaintiff, and in doing so have acted without authority, and have gone beyond Butler alley, upon premises in the rightful and peaceable possession of the plaintiff, and which form no part of the alley in question, and there committed the unlawful acts to the plaintiff's injury, such individuals are personally accountable to the plaintiff. There is nothing in the evidence or finding of the referee to show that the trespasses upon the plaintiff were committed by the agents or servants of the city in the execution or perform-

ance of the acts directed or authorized by the resolutions, so as to make the corporation liable on the principle of *respondeat superior*.

There is another view of the case equally conclusive against the plaintiff's right to recover against these defendants. The facts that the *locus in quo* was in the lawful and peaceable possession of the plaintiff at the time when the trespasses were committed, and that it constituted no part of Butler alley, must not be lost sight of in the consideration of the question of the defendants' liability. They are essential to the theory of the action, and lie at the foundation of his claim to recover in any view and against any party.

The defendants are a municipal corporation, and the citizens of the city of Rochester are the corporators. The common council is the agent of the corporation and the organ through which alone it can act. The powers of the common council are limited and defined by law, and it can no more transcend such powers, than an agent in any other case can bind his principal by acts beyond the scope of the authority conferred upon him.

The question in the present case then comes to this: have the common council authority by their agents, servants or otherwise, to enter summarily upon premises, within the corporate bounds of the city, which are owned or lawfully and peaceably possessed by another, and commit the tortious acts which the referee finds have been committed in this case? The mere statement of the question would seem to indicate an answer in the negative. To maintain the affirmative would be monstrous. Most manifestly it has no such power, and the case is one where the acts of the common council were clearly *ultra vires*, and for which their constituent the corporation is not liable, even if the ordinance, under the authority of which the wrongful acts are alleged to have been done, had specifically directed the particular acts complained of to be done.

For the foregoing reasons we are all of the opinion that the judgment appealed from should be reversed, and a new trial granted, with costs to abide the event.

Ordered accordingly.

[MONROE GENERAL TERM, September 2, 1861. *Smith, Johnson* and *Welles,* Justices.]