James Thomson, Defendant in Error, *vs.* The Mayor, Councilmen and Citizens of the City of Boonville, Plaintiffs in Error.

1. *Streets—Grading of under directions of committee appointed by city council—Legality of—Responsibility of city for.*—Under the charter of Boonville, authority was given to the mayor and city council to regulate, pave and improve its streets. *Held*, 1st, that the mode prescribed by the charter in such case must be strictly pursued; that the power could not be delegated; and that the appointment by the council without the concurrence of the mayor, of a committee to determine the grade of a street, and grading done under their direction, were without legal justification; but, 2d, that the city would not be responsible for damages resulting from such procedure. This liability could exist only when the city, acting in its legal capacity, that is, by the joint action of the mayor and council through an ordinance regularly passed, attempted to exercise an authority unwarranted by law. In such case the committee might be liable as trespassers, but the city would not.

*Error to Cooper County Circuit Court.*

*McMillan & Bros.*, for Plaintiffs in Error.

*Hayden & Tompkins, with Draffen & Williams*, for Defendant in Error, cited Dil. Mun. Corp., § 55, and note I, and cases therein referred to; Id., §§ 58 & 60, and notes; St. Louis vs. Foster, 52 Mo., 513; Ruggles vs. Collier, 43 Mo., 352; Shehan vs. Gleason, 46 Mo., 100; 36 Mo., 546.

Wagner, Judge, delivered the opinion of the court.

The facts in this case are briefly these: The plaintiff was in 1869, the owner of and in possession of a lot situated on the south side of Spring street, in the city of Boonville, on which there were valuable improvements. By an ordinance entitled "an ordinance in relation to the survey of the City of Boonville and the establishment of a grade therein," approved December 10, 1867, the grade was established on Spring street, in front of plaintiff's lot, but the surface of the street remained the same, there being no cutting, grading or change in the street until two years thereafter. In 1869 it was deemed expedient to change the grade fronting on plaintiff's property, and the council appointed three of its members to determine the grade, and the work was done under their di-

rections. By their order the grade was materially altered, and the street was cut down deeper than the ordinance of 1867 warranted. It was to recover the damages alleged to have followed from this alteration in the grade, by the committee, that this action was brought. In accordance with the instructions of the court plaintiff recovered a verdict.

By defendant's charter the mayor and councilmen had power, by ordinance, to regulate, pave and improve the streets, which authority was pursued in fixing the grade in 1867. This was the mode pointed out in the charter and the only legal mode by which the subject could be acted on. The charter is the power of attorney granting the authority and the manner prescribed in it must be carried out. It required the passage of an ordinance—a legislative act by the mayor and councilmen—to accomplish the object, and that was a power that could not be delegated or committed to other hands. The grading, therefore, under the assumed authority of the committee, was done without any legal justification. But it does not thence follow that the defendant is liable. It could only be held bound when it attempted in its legal capacity to exercise an authority not warranted. Here was no such attempt by its law making power. No binding ordinance, or even resolution was passed to that effect. The council acting without the concurrence of its co-ordinate branch, the mayor, attempt to give power by a mere appointment to a committee to do what could only be done by an ordinance passed in regular form. No authority was granted and no liability rested on the city in consequence of the action of the committee.

There is no principal standing behind the committee to shield them. They may be responsible as trespassers but the city is not. Wherefore the judgment should be reversed and the cause remanded. The other judges concur.