HUNT v. THE CITY OF BOONVILLE, APPELLANT.

**Liability of Municipal Corporation for Torts:** TREBLE DAMAGES: STATUTE OF TRESPASSES. A municipal corporation is liable for an act done by its agents, which is in its nature lawful and authorized, when done at an unauthorized place or in an unlawful manner, but not for an act which is in its nature unlawful or prohibited. For an act of the former class it is liable only in single damages; the treble damages allowed by the statute concerning trespasses (Wag., Stat., p. 1345) can not be recovered.

*Appeal from Cooper Circuit Court.*—HON. GEO. W. MILLER, Judge.

*John Cosgrove* for appellant.

It will be seen by an examination of the charter that the city has no authority to do the act complained of by respondent. The trespass alleged to have been committed is *ultra vires*, and the city is not liable. A corporation organized and created for municipal government solely differs from a *quasi* private corporation created and organized for profit. Dillon Munic. Corp., 2d Ed., §§ 9, 10. The defendant is, by its charter, not allowed by its agents or servants to enter upon the lands of persons, unless it is for some one of the purposes enumerated in the charter. The charter nowhere, either in terms or by implication, makes the defendant liable for the damages caused by the acts of

its servants, officers or agents, acting outside of the scope of the chartered powers conferred by the Legislature upon appellant. The petition in this case is the same as if the suit was brought against an individual for trespass wantonly and willfully committed. There is no allegation that the act was done in virtue of an ordinance passed by the mayor and councilmen. Dillon Munic. Corp., §§ 381, 749, 766, 767, 768, 789; *St. Louis v. Gurno*, 12 Mo. 414; *Soulard v. St. Louis*, 36 Mo. 551. It is insisted that there was no authority of law for trebling the damages in this case, for the reason that this suit could not be maintained.

*McMillan Bros.* for respondent.

1. The appellant is civilly responsible for damages occasioned by an act, as a trespass or tort, done at its command by its agents or servants, in relation to matters within the scope of the purpose for which it was incorporated. Angel & Ames Corp., Sec. 311; *Watson v. Bennett*, 12 Barb. 196; *Wallace v. Mayor*, 9 Abb. Pr. 40.

2. The appellant in repairing its streets was engaged in a matter within the scope of its corporate powers. (See Session Acts 1870, page 254, Sec. 9.) And as a municipal corporation would be liable when acts are done by its authority, which would warrant a like action against an individual. *Thayer v. Boston*, 19 Pick. 511; *Underwood v. Newport Lyceum*, 5 B. Monroe 130; *Boom v. Utica*, 2 Barb. 104.

3. The statute of trespass includes within its provisions bodies corporate as well as individuals. Wag. Stat., p. 1345; p. 887, Sec. 4; *Lindell v. Han. & St. Jo. R. R. Co.*, 36 Mo. 543; S. C. 25 Mo. 550; *Lee v. Village of Sandy Hill*, 40 N. Y. 442; *Barry v. St. Louis*, 17 Mo. 121.

4. The jury assessed the value of the rocks taken and carried away separately from the damages for the entry upon the land, and the court, for the reasons set out in the judgment, trebled the same. *Ewing v. Leaton*, 17 Mo. 465;

*Labeaume v. Woolfolk,* 18 Mo. 514; *Herron v. Hornback* 24 Mo. 492.

Hough, J.—This was an action founded upon the first section of our statute in relation to "Trespasses." The petition charged the defendant with digging up and carrying away from the land of the plaintiff certain rock in which the defendant had no right or interest, and asked judgment for treble damages. The material portion of the defendant's answer is as follows : "Defendant further answering said petition says, that on or about the 6th day of April, 1874, said defendant, by her agent, purchased of the American Bridge Company all the broken rock then being on said above described piece of ground, and which was then occupied by said American Bridge Company as a stone yard ; that afterwards, at the request and with the consent of the managing officer of said bridge company, and under and by virtue of the contract, previously entered into by and between said bridge company and defendant, the agents and servants of defendant took and carried away a portion of said broken rock, so purchased and obtained from said bridge company as aforesaid ; that at the time said rock was purchased and removed as aforesaid, said ground was occupied by and was under the control of said American Bridge Company, except that portion thereof which was and is within the limits of a street of said city of Boonville, known as Water street; that no part of said rock, so taken as aforesaid, was on ground in the possession or under the control of plaintiff, nor had said plaintiff any right or interest in said rocks, so taken as aforesaid, or any part thereof." The plaintiff replied, denying the foregoing allegations. The jury returned a verdict for the plaintiff, and found the value of the stone taken to be $109.20, which sum was trebled by the court, and the defendant has appealed. There is no bill of exceptions in this case, and the only question is whether the pleadings will support the judgement.

The city had authority under its charter to purchase and use stone for the purposes of the corporation, and the trespass in this case did not result therefore from the doing of an unauthorized act.  Nor is the case like that of *Thomson v. The City of Boonville*, 61 Mo. 283, where an act injurious to the plaintiff, but within the power of the corporation was performed by certain persons who assumed to act by authority of the city, but who were in fact without any lawful authority authorizing them to do the acts complained of, in which case it was held that the city was not liable. It is apparent in this case that the defendant was engaged in doing what it might lawfully do under its charter, and it does not appear that its servants acted without proper authority; but it is evident from the verdict of the jury that the American Bridge Company had no right to the possession of the plaintiff's land, nor any interest in the stone thereon, and could therefore confer none on the defendant, and for that reason the act of defendant in removing the stone amounted to a trespass, otherwise it would have been a legal, valid and binding exercise of corporate authority.  It is argued for the defendant however, that as the city had no authority under its charter to commit a trespass, or to order the commission of a trespass, an order to its servants to do an act which, when performed, constituted a trespass, would not make the city liable, as both the order and the act would be *ultra vires*.  This argument fails to distinguish between the doing of an act in its nature unlawful, or prohibited, and the doing of an act in its nature lawful, and authorized, at an unauthorized place, or in an unlawful manner.  On the defendants theory municipal corporations could never be held liable for the negligent or tortious acts of their agents and servants.  As they have no authority to do wrong and cannot authorize their officers or servants to do wrong, therefore, it is argued, they can never be held liable for injuries inflicted by them.  This is an unwholesome doctrine and is not supported either by reason or authority.  *Soulard v.*

*City of St. Louis*, 36 Mo. 546 ; *Hickerson v. The City of Mexico*, 58 Mo. 61 : *Lee v. Village of Sandy Hill*, 40 N. Y. 447 ; Dillon on Mun. Cor. § 769.

Whether a municipal corporation can be held liable for treble damages is an open question in this State, and one which admits of much doubt. The statute in relation to trespass gives treble damages against any person who shall dig up, quarry or carry away any stones, ore, &c., in which he has no interest or right, being on land not his own. It is a statutory rule of construction in this State that the words "any person" shall be held to include bodies corporate as well as individuals. It has been held, too, that this statute contemplates voluntary or willful trespass only, and not trespass arising out of mistake or misapprehension. It is punitive in its provisions and is intended to inflict punishment only on the conscious wrong-doer. Private corporations are undoubtedly answerable in exemplary damages for the willful and malicious acts of their agents done in the course of their employment; *Kennedy v. N. Mo. R. R. Co.*, 36 Mo. 351 ; *Gillett v. Mo. Val. R. R. Co.*, 55 Mo. 315 ; and on the same principle they would be held to be included within the purview of the statute in relation to trespasses above cited. But we are inclined to think that a distinction should be drawn in this particular between private corporations, which are organized and conducted solely for the purpose of private and personal emolument, and public corporations, created by government for political purposes and exercising authority, delegated by the State, for the administration of the local and internal affairs of a city or town of a public character. There is respectable authority to the effect that a municipal corporation can not, as such, do a criminal act or a willful and malicious wrong and they cannot therefore be made liable for exemplary damages. *City of Chicago v. Langlass*, 52 Ill. 256 ; *City of Chicago v. Martin*, 49 Ill. 241 ; Field on Damages, § 80 : " Nor could they, by a parity of reasoning," remarks the author last cited, " become liable

in double or treble damages under statutes providing for such damages for willful or malicious trespass. Such acts, if done by its servants or agents, must be without authority, and *ultra vires*." *Hanvey v. City of Rochester,* 35 Barb. 177. Besides, the relation which the officers of a municipal corporation sustain toward the citizens thereof for whom they act, is not in all respects identical with that existing between the stockholders of a private corporation and their agents; and there is not the same reason for holding municipal corporations, engaged in the performance of acts for the public benefit, liable for the willful or malicious acts of its officers, as there is in the case of private corporations. We feel inclined, therefore, to hold that in the case presented the defendant is liable for single damages only, and as the petition is good as a common law petition, notwithstanding it asks relief which cannot be granted, the judgment will be reversed and the cause remanded, with directions to the circuit court to enter up judgment on the verdict for single damages. The other judges concur. REVERSED.