ROWLAND v. THE CITY OF GALLATIN, *Appellant.*

**Municipal Corporation:** TRESPASS BY CITY OFFICER. If a city officer takes earth from private property and uses it in improving a street of the city without any provision in the charter or elsewhere authorizing such a proceeding, it is a trespass, for which the officer will be individually liable, but not the city.

*Appeal from Daviess Circuit Court.*—HON. S. A. RICHARDSON, Judge.

REVERSED.

*Wm. D. Hamilton* for appellant.

*Kost & Shaw* for respondent.

HOUGH, J.—This is an action against the defendant for wrongfully moving earth from plaintiff's premises and digging a ditch thereon for the purpose of constructing a highway over the same. The premises alleged to have been trespassed upon and injured, lie within the corporate limits of the city of Gallatin. The injuries complained of

were done by the street commissioner of the city of Gallatin, under the verbal direction of the mayor. The plaintiff showed a paper title to the premises in question, and the defendant offered testimony tending to show that said premises constituted part of a public highway. The defendant asked the following instruction, which was refused : "The court declares the law to be that the defendant could work public roads only by virtue of an ordinance, and that unless there was an ordinance requiring and directing the supervisor of streets to perform the work complained of in plaintiff's petition, the plaintiff cannot recover." No instructions were asked by the plaintiff. The court rendered judgment for the plaintiff.

It is evident that the court found that the premises trespassed upon constituted no part of the public highway, otherwise judgment could not have been rendered in his favor. Conceding the plaintiff's claim in this regard, and the finding of the court thereon to be correct, still, there is no authority in the charter of the city of Gallatin, or elsewhere, for the officer of the city, in pursuance of an ordinance, or otherwise, to enter upon private property and remove earth or other material therefrom, or in any other manner interfere therewith, for the purpose of improving the streets of said city, and the city cannot, therefore, be held liable for the acts charged. *Thomson v. The City of Boonville*, 61 Mo. 283; *Hunt v. The City of Boonville*, 65 Mo. 620. The individuals committing the trespass are alone liable. The judgment of the circuit court will be reversed. The other judges concur.