DOOLEY v. THE CITY OF KANSAS, *Appellant.*

**Municipal Corporation:** TRESPASS: PEST-HOUSE. Where a city, which is authorized by its charter to purchase property beyond its limits for a pest-house, seizes property for that purpose without the consent of the owner, it is liable in damages for the trespass.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Wash Adams* and *R. H. Field* for appellant.

The petition states no cause of action against appellant, for it charges appellant with an act that it was not and is not capable of committing. *Rowland v. City of Gallatin*, 75 Mo. 136 ; Dillon on Munic. Corp. (3 Ed) §§ 89, 561, 565 ; *Hanny v. Rochester*, 35 Barb. 177 ; *Field v. Des Moines*, 39 Ia. 575 ; *Mitchell v. City of Rockland*, 52 Me. 118.

*Gage, Ladd & Small* for respondent.

The establishment and keeping of the pest-house were within the scope of the purposes for which the city was organized, and the fact that the act was done at an improper place or in an unlawful manner creates the liability of the city. *Soulard v. St. Louis*, 36 Mo. 546; *Hickerson v. Mexico*, 58 Mo. 61 ; *Lee v. Sandy Hill*, 40 N. Y. 447 ; Dillon on Munic. Corp. 769 ; *Hunt v. Boonville*, 65 Mo. 620.

HENRY, J.—By this suit the plaintiff seeks to recover damages from defendant for a trespass upon a tract of land

owned by him, without the limits of the city. In the spring and summer of 1881, the small-pox was prevailing in the City of Kansas, which had no pest house, and the patients were sent out, in charge of the city police and city physician, and placed in tents by the road-side, in the river bottom, east of the city. The neighbors there compelled the removal of the camp by violence, and the physician and police finally took possession of plaintiff's premises, where they remained from June until the last of August, under control of officers constituting the city board of health. The expenses of this camp were paid by the city, under ordinances authorizing it. Plaintiff obtained a judgment, from which the city has appealed.

The principal question for consideration, is whether the city is liable on the above facts. It is contended by her counsel in an ingenious argument that the city was not authorized to acquire property for use as a pest-house, except by purchase, and that the occupancy of plaintiff's premises was *ultra vires* and, therefore, the city cannot be held liable for the trespass. The argument is more specious than sound. If a city can be held liable for no act which it is not authorized to perform, then since no city charter authorizes it to perpetrate a wrong, no town or city can ever be held liable for a tort authorized by it. To the contrary, are *Hunt v. Boonville*, 65 Mo. 620 ; *Thompson v. Boonville*, 61 Mo. 283 and *Soulard v. St. Louis*, 36 Mo. 546. In the latter case the city of St. Louis proceeded to appropriate private property, for street purposes, without observing the mode prescribed by its charter for acquiring it. It was held to have been done "without authority of law ; it was wrongful and amounted to a trespass;" and the following was announced as the law on the subject : "A corporation is civilly responsible for damages occasioned by an act, as a trespass or tort, done by its command by its agents, in relation to a matter within the scope for which it was incorporated."

The City of Kansas by its charter is authorized : " To

:purchase and hold property, real and personal, beyond the limits of the city, to be used for the erection of pest-houses, for the reception of persons afflicted with contagious, or other loathsome diseases." Instead of purchasing property for that purpose, she proceeded to seize the property in question, just as the city of St. Louis took possession of the property of a citizen for street purposes, without regard to the prescribed formalities for its acquisition. The city of St. Louis was held liable as a trespasser. *Soulard v. The City, supra.* We are unable to perceive a distinction, in principle, between an unlawful seizure, under the power of condemnation, and such a seizure under a power to purchase. They are but different modes of acquisition. The property taken by the City of Kansas was for a purpose sanctioned by its charter, and every thing was done in accordance with the charter and ordinances, except the acquisition of the land. It was a case of emergency, admitting of no delay. A pest-house was an immediate necessity. The entire population of a great city was concerned in preventing the spread of a contagious disease, and the action of the city, in occupying plaintiff's premises, was within the scope of one of the purposes for which the city was incorporated, although the premises were not acquired in the manner prescribed by its charter. It is impossible to distinguish this case from the previous adjudications of this court, holding cities liable for torts authorized by it. Counsel, we think, misconceive the case of *Rowland v. The City of Gallatin,* 75 Mo. 134. There the street commissioner of the city of Gallatin, without any authority except the verbal direction of the mayor, entered upon plaintiff's land and dug a ditch for the purpose of constructing a highway over it, and this court held the city not liable. Certain remarks found in the opinion delivered applicable alone to that case, are regarded by appellant's counsel as having overruled the cases above cited; although two of them, *Hunt v. Boonville* and *Thompson v. Boonville,* are approvingly, cited in the opinion and the opinion delivered in *Hunt v. Boonville*

was written by the same judge who delivered the opinion in *Rowland v. City of Gallatin.*

It is contended that proof of notice of the common council, that the trespass complained of had been committed, is altogether lacking. The following instruction given by the court, predicated upon evidence adduced, we think, fairly and clearly declared the law on that subject:

If the jury believe, from the evidence, that the property of plaintiff described in the petition, was taken possession of and used from the 17th day of June, 1881, to about the middle of August following, as a camp for the keeping and treatment of persons sick with the small-pox by persons in charge of such patients by the city physician of the City of Kansas, and that such occupation of such premises was immediately thereafter known to the city physician, the mayor and other members of the board of health, and not disapproved of by them, and that the City of Kansas, by its council and other financial officers, knowing of the existence of such small-pox camp under a pretense of authority from said city, although they may not have known the precise location of said camp, appropriated the money of the city to pay all the expense of attendants upon patients at said camp upon plaintiff's said premises, and of supplying the same with provisions and other necessaries, then the jury will find their verdict for the plaintiff.

Numerous other questions are raised in briefs of counsel, which we have not deemed it necessary to discuss in this opinion. We have given them attention, and are satisfied, that the court committed no material error in the trial of the cause, and the judgment is affirmed. All concur.