WORLEY, *Appellant*, v. THE INHABITANTS OF THE TOWN OF COLUMBIA.

1.  **Municipal Corporation**: FALSE IMPRISONMENT BY OFFICERS OF, ACTION FOR : PLEADING. A petition in an action against a municipal corporation for false imprisonment by its officers, is fatally defective which fails to state that defendant was arrested for the violation of one of its ordinances, or which omits to · set out the cause of said arrest.

2.  ———— : POLICE OFFICERS. Police officers of a town, engaged in enforcing its police regulations, are not regarded as officers of the town, in its corporate capacity, and the town is not liable for acts done by them while so engaged.

3.  ———— : TRESPASS BY OFFICERS : ·VOID ORDINANCE. A municipal corporation is not liable for a trespass, committed by its officers in the enforcement of a void ordinance.

*Appeal from Boone Circuit Court.*—HON. G. H. BURCK HARTT, Judge.

AFFIRMED.

*W. Gordon, Squire Turner, S. C. Major* and *W. O. Forrist* for appellant.

(1)   The trial court erred in sustaining demurrer to

petition, as courts cannot take judicial cognizance of charters incorporating towns as they may do of public statutes. 1 Greenleaf's Evid., sec. 479 and 480; *Inhabitants of Town of Benton v. Robinson*, 75 Mo. 194; *Bowie v. Kansas City*, 51 Mo. 454. (2) Appellee as a corporation under its charter had authority to levy and collect taxes off of property, real and personal, and license shows, circuses, etc., within its corporate limits, and its ordinance, although void, passed by its board of trustees, requiring appellant, in order to exercise his vocation and trade, to take out an auctioneer's license, was an attempt to exercise its taxing powers, and although done in an unlawful manner, was within the scope of its lawful powers and not *ultra vires*. The ordinance was enacted for a lawful purpose and for the purpose of raising a revenue for the benefit of the corporation, but was wrongfully imposed on a privileged vocation. *Hunt v. City of Boonville*, 65 Mo. 620; *Rowland v. City of Gallatin*, 75 Mo. 134; *Hickerson v. City of Mexico*, 58 Mo. 61; *Soulard v. City of St. Louis*, 36 Mo. 546; *Thompson v. City of Boonville*, 61 Mo. 283. (3) Appellee is civilly liable for damages for a trespass or tort done at its command by its officers and agents in relation to a matter within the scope of the purpose for which it was incorporated; and where acts are done by its authority or by those branches of the corporate government invested with jurisdiction and power to act for the corporation upon the subject, to which the particular act relates, or where after the act has been done, it has been ratified by the corporation. Appellee's charter confers full power upon its recorder to issue his warrant and have brought before him all persons charged with violating the ordinances of said corporation and power to fine and punish all persons for infractions of its by-laws, and confers power on its marshal to arrest all persons, charged with the violation of said ordinances, and power to execute all processes issued by said recorder. Here

two branches of the corporate government, exercising their lawful powers, but in an unlawful manner, by seizing and imprisoning the body of appellant for the violation of a void ordinance, which clearly makes the appellee liable, as it had no power to punish appellant for exercising the vocation of an auctioneer within the corporate limits of said town. *Soulard v. City of St. Louis*, 36 Mo. 553; Ang. & A. on Corp., sec. 311; *Waterson v. Bennett*, 12 Barb. 196; *St. Louis v. Sternberg*, 69 Mo. 289. (4) The action of the appellee cannot be upheld or sustained as a police regulation. Police is a system of protection either for the prevention of crimes or of calamities. They are laws designed to protect the lives, limbs, health, comfort and quiet of citizens and to secure them in the enjoyment of their property, and can be invoked for this alone, and the court erred in sustaining the demurrer on this ground. *State ex rel. Haresler v. Greer*, 78 Mo. 194.

*S. C. Douglass* and *W. J. Babb* for respondent.

(1) The trial court did not err in sustaining the demurrer to the second count of the petition. A municipal corporation is not liable for acts of its police officers, when such acts are of a public nature and done in the enforcement of police regulations. *Caldwell v. City of Boone*, 51 Ia. 667; *Buttrick v. Lowell*, 1 Allen, 182; *Hafford v. City, etc.*, 16 Gray, 297; *Town, etc., v. Schroeder*, 58 Ill. 553; *Burch v. Hartwicke*, 33 Am. Rep. 645; Dillon on Mun. Corp. 262. (2) The enactment of the ordinance under which appellant was arrested, being without the scope of the corporate power of the respondent, the latter is not liable for the wrongful and illegal acts on the part of the officers engaged in the enforcement of such illegal ordinance. Dillon on Mun. Corp. (3 Ed.) sec. 968; *Mayor, etc., v. Cunliff*, 2 Com. (N. Y.); *Adams v. Inhabitants, etc.*, 1 Met. 286.

RAY, J.—This is an action for damages occasioned by the arrest and false imprisonment of plaintiff, by the officers' of the town of Columbia, defendant. A demurrer to the petition, which was in two counts, was successfully interposed at the trial, upon the general grounds that the same fails to state facts sufficient to constitute a cause of action, and upon special grounds set forth in said demurrer. It substantially appears from the first count of the petition, that the defendant is organized under the laws of this state, for the incorporation of towns and villages, and that it had at the time of the commission of the trespass, complained of by the plaintiff, two officers, styled marshal and recorder, and that the marshal, under color of his office, compelled the plaintiff to go with him to the office of the recorder, and by virtue of a pretended *mittimus* issued by said recorder, and with the authority of respondent, did imprison the appellant, by reason of which he was deprived of his liberty. Said first count fails and omits to state whether or not plaintiff was arrested and imprisoned for an alleged violation of a town ordinance, or for what cause, or upon what charge, if any, the said arrest and imprisonment was based.

For aught that appears to the contrary in its allegations, said officers were acting merely as the police officers of said town, and engaged at the time in enforcing the police regulations thereof. When, so acting, their duties are of a public character; their acts are in the interest of civil government and of the public, and they are not, when acting in that behalf, the servants of the town or city, in its corporate capacity. The relations of principal and agent do not then exist, and the town is not liable for their said acts in that behalf. The bare allegations that said marshal and recorder committed a trespass upon the person of plaintiff, though done *colore officii* do not, we think make, a *prima facie* case against

the municipal corporation, which is not liable for any and all acts and trespasses of its officers, voluntary, malicious and unauthorized, and which, *prima facie*, is not liable for their wrongful acts. This count was, we think, fatally defective, for want of other and further allegations, and statements of facts, sufficient to show the liability and responsibility of the defendant corporation. Dillon on Mun. Corp., sec. 972; *Thayer v. City of Boston*, 19 Pick. 511; *Caldwell v. City of Boone*, 51 Ia. 687; *Buttrick v. City of Lowell*, 1 Allen, 172.

But the grounds of the arrest and imprisonment of plaintiff and the real facts of the case are set out in the second count of the petition, and the general subject and question involved can be more fully presented in connection with our discussion of the case, as disclosed and set forth therein. The facts, as gathered therefrom, are that the plaintiff was arrested by the town marshal, upon a warrant issued by the recorder of said town upon the charge of having exercised the trade and business of an auctioneer within the corporate limits of said town without first obtaining a license as required by the town ordinance. Upon an appearance and jury trial, had before said recorder upon said charge, plaintiff was adjudged guilty and fined twenty dollars, and for the non-payment of said fine was committed and imprisoned in the county jail for five days. On an appeal from the said judgment of the recorder to the circuit court of Boone county, the plaintiff was acquitted.

The town of Columbia is organized under the general laws of the state, its board of trustees has power (sec. 5011, chap. 89, R. S.) to appoint a marshal and other necessary officers and agents and is authorized to pass by-laws and ordinances upon certain subjects, specified in section 5010, chapter 89, Revised Statutes. The said office of recorder was created by a special legislative act, approved February 13, 1849,

entitled : "An act authorizing the trustees of the inhabitants of the town of Columbia to tax owners and exhibitors of menageries * * * for other purposes," and section six thereof declares the same a public act, etc. It is conceded and agreed that the town ordinance requiring auctioneers to take out said license, and under which plaintiff was arrested and imprisoned, was and is void. The substantial and broad question thus presented, is whether such municipal corporation is liable for a trespass, committed by its officers, in the execution or enforcement of a void ordinance. It is the rule in this state in this class of cases, that the corporation is liable for the act of its agents, injurious to others, when the act is in its nature lawful and authorized, but done in an unlawful manner or unauthorized place, but is not liable for injurious and tortious acts, which are in their nature unlawful or prohibited. *Hunt v. City of Boonville*, 65 Mo. 620; *Rowland v. City of Gallatin*, 75 Mo. 134 ; *Thompson v. City of Boonville*, 61 Mo. 282.

Counsel for appellant seek to bring this case within the qualified rule of liability, announced in these and other decisions, upon the ground that as the defendant corporation had authority to levy and collect taxes, and to license shows within its corporate limits, the ordinance in question, though void, was enacted for the lawful purpose of raising revenue for the city, and that, though wrongfully imposed upon a privileged vocation, was within the scope of the lawful powers of said town, and that said recorder and marshal in arresting, fining and imprisoning plaintiff for a violation thereof, were exercising their lawful powers as such officers, but were acting in that behalf only in an unlawful manner. These views and deductions are, we think, evasive of the real question involved. Municipal corporations are limited to the exercise of powers expressly conferred, and those not specially delegated are prohibited. Raising revenue for the city is a lawful purpose when confined to sub-

jects and sources of revenue, authorized by law, for municipalities, but is unlawful, when sought to be derived from subjects and vocations exempted and privileged from taxation, by such corporations. The case made and presented is not one involving the irregular exercise of a power, lawfully possessed by the corporation, which power it could exercise in some other and proper and legal mode, but is an attempt to raise said revenue by requiring said license, without any warrant of authority therefor, and by means of a void ordinance. Under no circumstances and in no contingency could the corporation require said license to be taken out. It was without power to act in that behalf or to make said ordinance, or any other valid ordinance, applicable to such subject for any such purpose. In a discussion of the general subject it is said in Dillon on Municipal Corporations, sections 968 and 966 : "It is fundamentally necessary that the act done, which is injurious to others, must be within the scope of the corporate powers, as prescribed by charter or positive enactment (the extent of which powers all persons are bound, at their peril, to know) ; in other words, it must be *ultra vires*, in the sense that it is not within the power or authority of the corporation to act in reference to it under any circumstances." * * * "Municipal corporations are unquestionably liable for acts done by their authorized agents or officers in the course of the performance of the corporate powers *constitutionally conferred*, or in the execution of corporate duties." In *Perley v. Inhabitants of Georgetown*, 7 Gray, 464, it is said : "A town is not liable for an arrest and imprisonment by the city collector for non-payment of taxes, illegally included in its warrant and since abated, although it *afterwards pays the collector's fees for serving the warrant and the charges of imprisonment.*"

In *Trustees, etc., v. Shroeder*, 38 Ia. 383, it is held that : "A municipal corporation is not liable for the

illegal and unauthorized acts of its officers under a void ordinance, nor is it made liable by the fact that its *board of trustees were cognizant of* their tortious acts or even participants therein."

In the case of *Thayer et al. v. The City of Boston*, 19 Pick. (Mass.) 511, it is laid down that, " As a general rule a municipal corporation is not responsible for the unauthorized and unlawful acts of its officers, *though done colore officii; it must further appear that the officers were expressly authorized to do the acts*, by the corporation, or that they were done *bona fide* in pursuance of a general authority to act for the corporation, on the subject to which they relate, or that, in either case, they were adopted and ratified by the corporation."

The case of *Dooley v. Kansas City*, 82 Mo. 444, does not announce a contrary doctrine. Said city was authorized to purchase and hold property beyond the city limits for the erection and maintenance of a pest house. It is there said the action of the city in taking said property, in the emergencies existing, was within the scope of one of the purposes for which it was incorporated. The city charter expressly authorized the property to be acquired for the given purpose, but the premises seized were not acquired by purchase, which was the prescribed manner. The city's method or mode of acquisition was unauthorized and unlawful, but its authority and power to acquire the property for the given purpose in another and proper way was expressly conferred, and its action by its officers and agents when attempting to exercise its lawful power and authority in that behalf, but in an unauthorized manner may be made, under the doctrine of that case, as well as of this, the foundation of a right of action. But the rule is otherwise where, as in this case, the city is incapable of any lawful action upon the given subject, without a further grant of power in that behalf. As said marshal and

recorder were necessarily without any authority, express or implied, general or special, from said town to do the acts complained of as tortious and injurious, they were not its agents or officers in that behalf and the corporation is not responsible for the damages occasioned thereby.

A further objection urged by appellant is, that courts cannot take judicial cognizance of charters incorporating towns as they may of public statutes. But there was no private charter or private act involved in the case. The defendant corporation is organized under the general laws of the state and said legislative act, creating the office of recorder, is declared to be a public act. See *Boone v. Kansas City*, 51 Mo. 454. As to said ordinances, it is sufficient to say, there was no mention of any ordinance in the first count, and the second count sets out in substance the violated ordinance.

We find no error in the action of the trial court in sustaining said demurrer, and its judgment in that behalf is affirmed. All concur.