## The Anheuser Busch Brewing Association v. M. Hammond and W. H. Betts, Appellants.

**Enforcing Void Statute: LIABILITY OF OFFICERS.** In the absence of malice, neither an officer who enforced a void law under regular process, nor one who filed complaint under it, believing its statements to be true, is liable in damages.

*Appeal from Black Hawk District Court.*—Hon. J. L. Husted, Judge.

## Saturday, January 26, 1895.

This is an action at law to recover damages for seizing and destroying five barrels of beer alleged to be the property of the plaintiff. A jury was waived, and the cause was tried by the court, and a judgment was rendered for the plaintiff. Defendants appeal.— *Reversed.*

*Hemenway & Grundy* for appellants.

No appearance for appellee.

Rothrock, J.—The case involved less than one hundred dollars, as shown by the pleadings, and the appeal comes to us on a certificate of the trial judge, as provided by section 3173 of the Code. The following is the statement of facts and questions of law certified by the District Court: (1) In the latter part of October, 1889, the plaintiff, being a foreign corporation doing business at St. Louis, Mo., shipped from St. Louis, Mo., to Cedar Falls, Iowa, consigned to itself, five barrels of bottled beer, two of the barrels being identified by the mark "N," and three by the mark "J." This property arrived at Cedar Falls, Black Hawk county, Iowa,

November 2, 1889, and was in the depot of the Burling-ton, Cedar Rapids & Northern Railway Company at that place.   (2)   On that day the defendant Betts, who was the city marshal of the city of Cedar Falls, Iowa, duly filed before L. Knapp, justice of the peace, an information, under section 1544 of the Code, charging that he "has reason to believe and does believe that intoxicating liquors are owned and kept by the Peoria Bottling Company, and John Doe, the real name being unknown, and are intended by them to be sold as a beverage upon the depot grounds of the Burlington, Cedar Rapids & Northern Railroad Company in Cedar Falls, Iowa, and in the buildings and appurtenances thereupon situated;" upon which information a search warrant was issued and delivered to the defendant M. Hammond, who was a constable of said county, for serv-ice, and by virtue of which he made search of the said depot, and found and seized the said five barrels of beer, as well as certain other intoxicating liquors, of which seizure he on the same day made due return to the justice.

On the fourth day of November the said justice caused notices of the said seizure to issue, addressed to the Peoria Bottling Company, John Doe, whose real name is unknown, and all persons whom it may con-cern,—one of which, by the recitals in the justice's docket, was to be posted in the said depot, the other to be left with the owner of the said liquors,—in terms requiring them and all concerned to appear and make claim to the liquors so seized, on the ninth day of November, 1889, at 1 o'clock p. m., and show cause, if any they have, why the said liquors should not be dealt with as provided by law.   The defendant Hammond, as constable, on the fourth day of November, posted one of the notices in said freight depot, where said liquors were seized, and at the same time left the other with

one M. G. Egloff, local agent of the said railway company at Cedar Falls, Iowa, who was in possession of the liquors when so seized, plaintiff having no known agent at said Cedar Falls, and made due return of such service, and no other service was made. (4) There was no appearance by plaintiff at any time or by any one claiming the beer so seized. The case was continued from November ninth to December third, and again from December third to December twenty-third, at which time there was a hearing as to the five barrels of beer, and the same was adjudged forfeited and ordered to be destroyed. (5) An order for the destruction was duly issued and delivered to the defendant Hammond, who thereupon destroyed the beer, and the vessels containing it, the defendant Betts, by the request of defendant Hammond, assisting him in such destruction, and said Hammond made due return of his proceedings. All of these proceedings were prior to the passage of the so-called "Wilson Bill" by the congress of the United States. (6) The defendants made no effort to ascertain the owner of the beer destroyed, and did not know who the owner or consignee of the same was, and had no notice that it belonged to the plaintiff, and had no means of knowing who was such owner. Its value was fifty-five dollars. (7) There was no malice on the part of the defendants, and the said Betts had reason to believe the statements of the information to be true. The questions to be determined are: First. Were the defendants, or either of them, liable to the plaintiff for the value of the beer destroyed? Second. Does the adjudication of the justice court afford protection to the officer, defendant Hammond, executing the writs? Third. Is the defendant Betts liable to the plaintiff for filing the information for a search warrant? Fourth. Is the defendant Betts liable to the plaintiff for assisting in

the destruction of the property at the request of the defendant Hammond?   The District Court held that the defendants were liable, and rendered judgment against them for the value of the beer.

There is no appearance for appellee in this court, and we are not advised upon what ground it was held the defendants were liable.   It is stated in the argument of appellant that the decision was based upon the case of *Leisy v. Hardin,* 135 U. S. 128, 10 Sup. Ct. Rep. 681.   It is true that the beer was seized before the passage of the act of congress commonly known as the "Wilson Law;" and it may be that, as the beer was in the custody of the railroad company, the plaintiff had the right to set up and claim that the defendants had no lawful authority to seize and destroy the beer.   But this is a collateral attack upon what appears on its face to be a regular judicial proceeding in condemnation.   There is no suggestion that the proceedings were not regular. Appellee probably claimed in the court below that, as the statute authorizing the proceeding was void, the defendants are liable, because a void judgment may be attacked collaterally.   It was held in *Henke v. McCord,* 55 Iowa, 378, 7 N. W. Rep. 623, that a "justice of the peace who enforces an ordinance which is void for want of power in the city to enact it cannot be held liable therefor in a civil action, and a ministerial officer who aids in the enforcement of such ordinance, acting under a warrant regular on its face, is protected thereby."   It appears to us that the case at bar is in principle the same.   The beer in question was consigned by the plaintiff to itself.   It reached its destination, and was seized by the officers of the law on the same day.   The local agent of the railroad company was duly notified of the seizure, and the case was twice continued, and the order to destroy the beer was not

made until the twenty-third day of December, about fifty days after the seizure. As there was no malice on the part of defendants, and Betts had reason to believe the statements of the information to be true, it appears to us there is no good reason why either of the defendants should be held liable. The judgment of the District Court is *reversed*.