HERMAN KRAMER, RESPONDENT, v. CITY OF JEFFERSON ET AL., APPELLANTS.—124 S. W. (2d) 525.

Kansas City Court of Appeals. January 30, 1939.

*John O. Bond* for appellants.

*William A. Seibel* for respondent.

SPERRY, C.—This is a damage suit wherein Herman Kramer is plaintiff and the City of Jefferson and Gustave V. Schwartz, building inspector of said city, are defendants. The claim for damages is based on the refusal of Schwartz, as building inspector, to grant plaintiff a certain building permit. The refusal to grant said permit was based on a zoning ordinance then in effect and which was thereafter judicially adjudged to be void. Jury trial resulted in verdict for plaintiff against both defendants. From the judgment rendered thereon both defendants appeal.

Plaintiff was the owner of a certain town lot, described in the petition, upon which he desired to construct a business building. Said lot was located in a block in which, by a zoning ordinance then in force, business buildings were prohibited. Plaintiff began excavation on said lot and then made application to defendant Schwartz for a building permit. Schwartz advised him that he could not issue said permit until same had been approved by a councilmanic committee of defendant city, but advised plaintiff that he believed the permit would be granted and for him to proceed with construction. Some five days thereafter, and after plaintiff had completed excavation and had constructed most of the foundation and had expended considerable

money thereon, defendant city's committee refused to issue the permit. Plaintiff was arrested for violation of the ordinance. He was tried in police court and acquitted. His counsel advised him that the zoning ordinance was invalid and that he might legally continue construction, which, plaintiff stated, he would have done but for the fact that the building and loan company from which he expected to borrow the money to pay the cost of construction refused to loan it to him because of the refusal of the city to issue a building permit. Lacking otherfinances he could not proceed. The city attorney of defendant city, after acquittal of plaintiff, informed plaintiff he would arrest and prosecute plaintiff for every day he worked on said construction without a permit, claiming that each day plaintiff worked thereon would constitute a separate offense. Thereupon plaintiff's attorney agreed with said city attorney that construction work would cease pending the outcome of a *mandamus* suit to be filed against defendant Schwartz to compel issuance of a permit. Said suit was filed by plaintiff in circuit court of Cole county, that court held the zoning ordinance to be invalid, and ordered the permit to issue. Defendant appealed the cause and the Supreme Court affirmed the judgment of the trial court (State ex rel. Kramer v. Schwartz, 82 S. W. (2d) 63), after which action the permit was issued. Plaintiff claims that during the period elapsing from the time he first applied for the permit, November 1, 1931, until the granting of same, in 1935, he suffered damages by reason of the deterioration of the unfinished and unprotected foundation walls, loss of the income from his investment, depreciation in value of his property, etc.

The first error urged is that the court overruled demurrers filed by each of said defendants at the close of the whole case. In view of this complaint we have set forth the facts in the light most favorable to plaintiff.

We think the city would not be liable for the refusal of its officer, Schwartz, to grant a building permit when same was not allowable under the zoning ordinance then in effect, even though said ordinance was afterward held to be invalid. The ordinance in question was an abortive attempt, on the part of defendant city, to exercise a police power granted to it by the State under the provisions of Article 11, Chapter 38, Revised Statutes of Missouri, 1929. [State ex rel. v. Schwartz, 82 S. W. (2d), 63. 1. c. 66.] The ordinance was, therefore, governmental in character. Its purpose was to regulate and control future building construction in said city in the interests of fire protection and control, and to regulate the distribution of population in the interests of better police protection, to persons and property, and in the interests of the public health and general welfare. Its enforcement would not have inured to the special benefit of the corporation. The act of defendant Schwartz in refusing to issue the

permit because of the provisions of the ordinance, was, therefore, of a governmental character for which the corporation is no more liable to respond in damages than would be the State because of the act of one of its officers in carrying out the provisions of an invalid statute. [Hershberg v. City of Barbourville, 142 Ky. 60, 1. c. 62; Simpson v. Whatcom, 33 Wash. 392; Trammell v. Town of Russellville et al., 34 Ark. 105; Franks v. Holly Grove, 93 Ark. 250; City of Chicago v. N. Y. C. & St. L. R. Co., 216 Fed. 735, 1. c. 740; Seattle Electric Company v. City of Seattle, 206 Fed. 955, 1. c. 959; Maxmilian v. Mayor, 62 N. Y. 160; Worley v. Columbia, 88 Mo. 106, 1. c. 107; Lober v. Kansas City, 74 S. W. (2d) 815, 1. c. 823; Butler v. Moberly, 131 Mo. App. 172, 1. c. 176, 177, 178.]

This court said, speaking thru ELLISON, J., in the last above cited case:

"But it is alleged that upon his acquittal and the City's appeal from the police judge, the city's officers deterred him from continuing in the business by threatening to cause similar complaints to be filed against him and to cause him to be prosecuted thereunder for each day he should engage in the business during the appeal. Is a municipality liable in damages for one threat of its officers to prosecute for a violation of one of its ordinances? It is liable in costs for such prosecutions if they are unfounded. And if such unfounded prosecutions were to be maliciously repeated without reason, the officers might themselves become liable for some malfeasance. But we do not now see how the city is to be made liable for such threat, or upon what principle such position, if taken, could be sustained. If the threat to file complaint for a violation of an ordinance is made when there has been no violation, then it ought not to frighten or deter one from continuing on his way. If the threat is made against a guilty party, or one who would become guilty if he did the act, then the threat would not be wrong in any respect. So if plaintiff was not subject to prosecution for peddling fresh meats and the officers were engaged, in spite, in annoying him with prosecutions, or threats of prosecution, it was a wrong for which the city could not be held liable. To threaten one with repeated prosecutions is not a part of the duty which an officer should render to a municipality. In Worley v. Columbia, 88 Mo. 106, it is held that a municipality is not liable for injuries and tortious acts of its officers which are in their nature unlawful or are prohibited.

"The second count also fails to state a cause of action. It is based on the officer's wrongful refusal to issue him a peddler's license. It would be a dangerous and hazardous system of municipal government, if it were understood to be a part of it, that liability ensued for the mistake of its ministerial officers in refusing to do an act which is of such nature that the party need not acquiesce in the re-

fusal, but who had an immediate and effective remedy at hand. Here if the city wrongfully refused to issue him a license he could have compelled the issuance by *mandamus*. [State ex rel. v. Ashbrook, 154 Mo. 375.] So it is not to be supposed that one shall acquiesce in the wrongful refusal of an officer to perform his duty for the purpose of lying by and building up damages. But aside from this, it was such an act as fails without the rule of *respondeat superior,* as applied in municipal law.

"We have given due consideration to the argument, oral and written, concerning the distinction in liability where the act of the municipality complained of is for its private gain, and where it is for its general public concern and government, but we think that branch of the law is not applicable to the facts stated in the petition."

In Worley v. Columbia, *supra,* it was held that a police officer, when acting in enforcing police regulartions of the town, was not acting as an agent of the corporation but in the interests of civil government and of the public.

In Lober v. Kansas City, *supra,* it was held that the negligent act of an employee of the city in breaking a fire hydrant used for the governmental purposes of fire protection and street sanitation, such employee then being engaged in flushing the streets, was one for which the corporation was not liable since the employee and the instrumentality were both devoted exclusively to governmental functions.

We have carefully examined Souland v. City of St. Louis, 36 Mo. 339; Hunt v. City of Boonville, 65 Mo. 620, and Dooley v. City of Kansas, 82 Mo. 444, 1. c. 445, relied on strongly by plaintiff, and find that in each of said cases the corporation's agents and officers, acting with the consent and knowledge of the corporation, did certain acts which were within the scope of the authority of the corporation, as a corporation, and which acts benefited the corporation as such. Such cases have no application here.

We have also examined Rowland v. City of Gallatin, 75 Mo. 134, and Thompson v. City of Boonville, 61 Mo. 282, relied on by plaintiff, and find them not applicable because there the officers of the city acted in matters within the scope of the authority and power of the corporation as such, but with no charter or ordinance authority for their acts. In such cases the officers are liable for their tortious trespasses; but not the city.

The facts pleaded and proved failed to establish that said defendant city is liable to respond in damages and its demurrer should have been sustained.

In ruling on the demurrer filed by defendant Schwartz we are mindful that there is neither allegation nor proof that he did anything more than refuse the issuance of the permit; and that when the circuit

692

court, by its writ of mandamus, ordered him to issue said permit, he appealed from said order. He complied with the order of the Supreme Court. It is not charged that he caused the arrest of plaintiff; that he threatened to harass him with further arrests; or that he acted with malice. So far as this record shows, Schwartz acted at all times in good faith. He merely refused to grant the permit in violation of a city ordinance until the court of last resort declared said ordinance to be void. In so doing he was within his rights. If a public official is required to judge of the validity of ordinances and statutes at his peril, and at his peril only may he resort to the courts for guidance, then he is required to know more law than half of the lawyers, and, mayhap, more than the courts themselves, exclusive of the Supreme Court. To illustrate: One ground for the attack on the validity of the ordinance in question, urged by plaintiff's counsel in the *mandamus* action, was the alleged unconstitutionality of the statutes authorizing defendant city to enact a zoning ordinance (Article 11, Chapter 38, Revised Statutes of Missouri. 1929). [Kramer v. Schwartz, *supra*.] But the Supreme Court, in that action failed to hold said statutory enactment unconstitutional. If liability be ruled against a public official, in a case similar to this, we apprehend that very many able men would refuse to accept public office, either by election or by appointment; and the public service would suffer thereby. The language used in Butler v. Moberly, *supra*, is to the effect that, in such cases as this, the official is not liable. That is the law as clearly stated in other jurisdictions. [Anheuser-Busch Brewing Ass'n v. Hammond (Iowa), 61 N. W. 1052; Trammell v. Town of Russellville et al., *supra*.] The law was so declared by the Supreme Court of Missouri in Reed v. Conway, 20 Mo. 22, 1. c. 44; and was thereafter reaffirmed by that court in Edwards v. Ferguson, 73 Mo. 686, 1. c. 687. It is the general rule. [46 C. J. 1043.]

The court erred in failing to sustain the demurrer offered by defendant Schwartz at the close of the case.

There are many other errors urged by defendants, which we have not considered because of our opinion as above set forth.

The judgment should be reversed. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is reversed. *Shain, P. J.,* and *Bland, J.,* concur; *Kemp, J.,* not sitting because not a member of the court at time the cause was argued and submitted.