GEORGE McCAUSLAN, as Executor of WILLIAM J. THOMPSON, Deceased, Plaintiff, v. CITY OF NEW YORK, Defendant.

City Court of the City of New York, Special Term, Bronx County, December 6, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Charles C. Weinstein* and *Silas S. Lippman* of counsel), for defendant.

*John J. Ryan* for plaintiff.

BONEPARTH, J. Motion by defendant to dismiss the complaint under rule 106 of the Rules of Civil Practice upon the ground that the complaint fails to state a cause of action.

The complaint alleges that the plaintiff is the owner of certain real property upon which, certain buildings were erected; that in 1936, the then owner of the property filed a plan for the alteration of the building from a store and two-family dwelling, to one for occupancy by three families, and did so alter the building; that in 1943, an application for a certificate of occupancy was made and the Superintendent of Buildings refused to issue a certificate because of the existence, on the same lot, of a frame shed, which was there before the alteration, and which was legally erected and maintained before the alteration; that the Superintendent refused to issue a certificate because of the provisions of section 194 of the Multiple Dwelling Law (enacted in 1930) and which provided as follows: " No frame building shall be erected or maintained upon the same lot with a dwelling hereafter converted to a multiple dwelling."

The complaint further alleges, that in order to obtain a certificate of occupancy, " and under duress from violations then filed against said premises because of said shed," the plaintiff tore down the shed. (No appeal was taken from the determination of the Superintendent of Buildings refusing the certificate of occupancy.) Plaintiff asks damages for the loss, occasioned by the removal of the shed, alleging that section 194 of the Multiple Dwelling Law, as applied, is unconstitutional.

The defendant urges that no claim against the City of New York can be based upon this action of the Building Superintendent, as he was performing a public or governmental function. In this contention, the defendant is supported by the decisions in *Stubley* v. *Allison Realty Co.* (124 App. Div. 162) and *Oeters* v. *City of New York* (270 N. Y. 364, 368).

Plaintiff alleges in the complaint that section 194 of the Multiple Dwelling Law, as applied by the Department of Housing and Buildings, in the instant case, is unconstitutional, and suggests that governmental immunity would not protect the City of New York in its enforcement of an unconstitutional or invalid statute, and that, therefore, the complaint cannot be dismissed. Upon this motion to dismiss the complaint, we will assume for the purposes of this argument, that this statute, as applied is invalid, although to date, and obviously then, at the time the Superintendent acted, the statute has not been declared invalid.

In this contention, the plaintiff is in error. A similar situation is found in *Kramer* v. *City of Jefferson* (233 Mo. App. 685). In that case, the plaintiff brought suit against the municipality and a building inspector for damages for their refusal to issue a building permit. The refusal was based on a zoning ordinance then in effect, and thereafter judicially adjudged to be void.

The court held, that the action could not be maintained; that the act of the building inspector was in the performance of a governmental function, and said further at page 689: "We think the city would not be liable for the refusal of its officer, Schwartz, to grant a building permit when same was not allowable under the zoning ordinance then in effect, even though said ordinance was afterwards held to be invalid."

The reason for the rule is obvious. Thus, in upholding the right of the inspector to enforce a statute, which had not been declared invalid, the court in *Kramer* v. *City of Jefferson* *(supra)* said at page 692: "If a public official is required to judge of the validity of ordinances and statutes at his peril, and at his peril only may he resort to the courts for guidance, then he is required to know more law than half of the lawyers, and mayhap, more than the courts themselves, exclusive of the Supreme Court."

A similar result was reached in *Cummings* v. *Lobsitz et al.* (42 Okla. 704, 707) where the suit was brought for damages for the removal of an unsafe building, pursuant to a resolution of the City Council. The court in affirming a judgment for defendants said: "The next contention is that the introduction of the resolution in evidence was prejudicial to the plaintiff, in that said resolution was void. Assuming, but not deciding, that the resolution was void, as contended by the plaintiff, the act of the commissioner in removing the building while in the exercise of his governmental functions under a void resolution would not render the city liable for his acts under such unconstitutional or void resolution. It is said in McQuillin, Municipal

Corporations (4th Ed.) sec. 2640: ' No liability is created against a municipal corporation by acts of its officers done under an unconstitutional or void ordinance enacted in the exercise of governmental powers.' '' (See, also, 4 Dillon on Municipal Corporations [5th ed.], pp. 2885, 2886.)

Accordingly, the motion to dismiss the complaint must be granted, for even assuming, without deciding, that the statute in question is unconstitutional, no liability on the part of the City would result.

Order signed.