OPINION OF THE COURT
John G. Connor, J.
The within action is brought by plaintiff which owns property in the Village of Ellenville (Village), .a defendant herein, and which adjoins property owned by the codefendants, the Millers.
The fire which started in the Miller building, on or about November 12, 1979, did at least some damage to that of plaintiff’s. The extent of damage is disputed.
Defendant, Village, having decided both buildings endangered the public and having been faced with an alleged emergency, demolished both buildings pursuant to Village of Ellen-ville Code § 7-73, without notice to plaintiff. Defendant contends the ordinance was adopted in accordance with Village Law article 20.
Plaintiff’s complaint alleges the defendant, Village, took plaintiffs property without due process, i.e., without notice to plaintiff and without an opportunity for plaintiff to be heard.
Defendant Village now moves for summary judgment (a) upon the first cause of action sounding in tort and (b) upon the second *815 cause of action based upon the alleged failure of defendant, Village, to enforce its statutes and ordinances, by reason of which failure the property of defendants, Miller, burned. The second cause of action is without merit and as to this cause, summary judgment is granted. The first cause of action may not be so readily disposed of.
Upon a motion for summary judgment, the court assumes the defendant’s version of the facts is correct. In 1929 New York State waived its sovereign immunity and consented to be subject to the rules of law applicable to individuals and corporations. The civil divisions of New York including villages thus also became liable. Case law has determined, however, that the State, as well as villages, continue to enjoy immunity with respect to the discretionary, judicial or quasi-judicial acts of persons acting on behalf of the municipalities. (Rottkamp v Young, 21 AD2d 373, affd 15 NY2d 831; Boll v Town of Kinderhook, 99 AD2d 898 [3d Dept 1984].)
In areas of governmental action, decisions must be made wherein no parallel exists in the case of private citizens or corporations. It is these areas which may not be questioned for reasons of policy. “In weighing the balance between the effects of oppressive official action and vindictive or retaliatory damage suits against the officer, we think that the public interest in prompt and fearless determinations by the officer, based on his interpretation of the law and the facts before him, must take precedence. A public officer, haunted by the specter of a lawsuit, may well be subject to the twin tendencies of procrastination and compromise to the detriment of the proper performance of his duties”. (Rottkamp v Young, 21 AD2d 373, 376, supra.)
“The policy considerations which dictate the protection of the public official from reprisal for making an unfavorable decision, also dictate the same protection for the municipality whose interests are served by the acts of the officer.” (2C [Part 1] Warren, New York Negligence, Municipal Corporations § 2:03 [3] [d] [in].)
“Conversely, when the action is exclusively ministerial, the officer will be liable if it is otherwise tortious” (Tango v Tulevech, 61 NY2d 34, 40).
This rule is equally applicable to the municipality on behalf of which the official acted.
The court must decide if the actions here resulting in the demolition of plaintiff’s building (which may or may not have been rendered dangerous to the public by reason of fire damage) was a ministerial or a discretionary act.
*816 “[T]he rule to be derived from the cases is that discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result.” (Tango v Tulevech, supra, p 41.)
In McCauslan v City of New York (183 Misc 954, 956) the court cited with approval an Oklahoma case (Cummings v Lobsitz, 42 Okla 704, 707, 142 P 993) which stated: “where the suit was brought for damages for the removal of an unsafe building, pursuant to a resolution of the City Council. The court in affirming a judgment for defendants said: ‘The next contention is that the introduction of the resolution in evidence was prejudicial to the plaintiff, in that said resolution was void. Assuming, but not deciding, that the resolution was void, as contended by the plaintiff, the act of the commissioner in removing the building while in the exercise of his governmental functions under a void resolution would not render the city liable for his acts under such unconstitutional or void resolution’.”
The McCauslan case (supra) involved a shed on plaintiff’s real property; the municipality was held immune from liability.
The court is impelled to conclude that the decision to demolish is one involving judgment and. is quasi-judicial. The decision to demolish without notice and absent an opportunity to be heard is, however, not a decision that is discretionary. Due process is a fundamental liberty guaranteed by both the Federal and New York State Constitutions. To hold otherwise would permit unilateral confiscation of real property under color of law and deny redress to the owner thereof. Surely, this is not the policy of the State of New York.
Even if this court were to consider the demolition of a building an administrative act, rather than a quasi-judicial act, there is insufficient information before the court to determine as a matter of law if the determination was rational.
The motion by defendant, Village of Ellenville, for summary judgment on the ground that the first cause of action set forth in the complaint failed to state a cause of action is denied. Defendant’s motion with respect to the second cause of action is granted.