RICHARD POILLON et al., Respondents, *v.* THE CITY OF BROOKLYN, Appellant.

The authority conferred upon the city of Brooklyn by the charter of 1873 (Subd. 5, § 13, chap. 863, Laws of 1873), to establish and maintain public baths in said city, carried with it, as a necessary incident; power to designate and procure a proper place for the location of such a bath.

Where the city placed a public bath at plaintiffs' pier without their authority or consent,—*Held,* that the city was liable to pay the value of the use of the pier; and that the provisions of said charter requiring contracts for work, materials, and improvements to be made with the lowest bidder, etc., and declaring that " no debt or obligation of any kind shall be created by the common council against the city except by ordinance or resolution," had no application.

(Argued December 3, 1885 ; decided January 19, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 12, 1885, which affirmed a judgment in favor of plaintiffs, entered upon a verdict, and which affirmed an order denying a motion for a new trial.

This action was brought to recover for the use of a pier in the city of Brooklyn belonging to plaintiffs.

The material facts are stated in the opinion.

*John A. Taylor* for appellant. The legislature having limited the power of the common council to create a debt or obligation against the city to a particular way, no recovery founded

upon any action of the common council can be had, unless the prescribed way has been followed. (*Brady* v.*Mayor, etc.,* 2 Bosw. 173; 20·N. Y. 312; *McSpedon* v. *Mayor, etc.,* 7 Bosw. 601; *Mc-Donald* v. *Mayor, etc.,* 68 N. Y. 23; *Parr* v. *Village of Greenbush,* 72 id. 463; *Dickinson* v. *Poughkeepsie,* 75 id. 65.) Plaintiffs had it in their power to prevent the bath remaining at their pier, and in contemplation of law they consented to its remaining upon the terms offered by the common council — $50 for 1878 and nothing for 1879 and 1880. (*Heaney* v. *Heaney,* 2 Den. 625.) The plaintiffs were bound to inquire and to know what provision had been made to pay them. (*McDonald* v. *Mayor, etc.,* 68 N. Y. 27.)

*Albert G. McDonald* for respondents. The proper measure of plaintiffs' recovery was such sum as was equal to the reasonable value of the use of the pier in question, as occupied by the bath during the periods mentioned, and from which use plaintiffs were thereby excluded. (Laws of 1872, chap. 320, as amended by chap. 315, Laws of 1877; 3 R. S. [7th ed.], 2031.) The defendant having, without plaintiffs' voluntary intentional action concurring therein, taken possession of and exclusively used plaintiffs' property, the law will fix a liability in some form against defendant to pay the reasonable value of such use. (*Farmers' L. & T. Co.* v. *Mayor, etc.,* 4 Bosw. 89; *Harlem Gas L. Co.* v. *City of New York,* 33 N. Y. 311; *Matter of Dugro,* 50 id. 513; *Davies* v. *Mayor, etc.,* 83 id. 214.) Except in so far and as to the cases in which the mode of contracting is expressly prescribed and limited, and except with respect to contracts the mode of making which is prescribed and limited, valid contracts, even within the scope of the corporate powers, may be made otherwise than under seal or in writing, and in general as with an individual. (Dill. on Mun. Corp. [3d ed.], §§ 447, 459, 460; *Ransom* v. *New York,* 1 Fisher's Pat. Cas. 254, 274; *Bliss* v. *Brooklyn,* 4 id. 596; *Murray* v. *Mayor, etc.,* 1 Bosw. 539; *Knapp* v. *Simon,* 96 N. Y. 292.)

DANFORTH, J.   Among other powers conferred upon the common council of the city of Brooklyn was one to establish and maintain one or more public baths, as they might "deem necessary" (Laws of 1873, chap. 863, § 13, subd. 5), and in pursuance of this authority they placed a public bath at a pier owned by the plaintiffs, and maintained it for the use of the public during the years 1878, 1879 and 1880. At the expiration of each year the plaintiffs, without success, demanded of the city, through its officers, compensation for the value of the berth, or place occupied by it for the above purpose, and finally in 1882, brought this action for the enforcement of their claim.   The use of the pier was not denied, but the defendant by answer averred that the bath was placed there at the plaintiffs' request, and upon their express agreement that the defendant should not pay and should not be bound to pay to the plaintiffs any sum of money whatever for the use of the pier while so occupied.   Upon this issue the jury found against the defendant, and assessing the fair value of the use of the premises while in its possession, found a verdict accordingly.   The General Term affirmed the judgment upon the verdict.   The learned counsel for the appellant alleges error and rests his contention upon certain provisions of the statute (supra, tit. XVII, §§ 1, 3; tit. II, § 10), declaring that all contracts and agreements by which the city shall be liable to pay money shall be under the control of its common council, but when for work, materials, or improvements, shall be made with the lowest bidder after advertisement (§ 1, supra), and to be invalid unless certified or indorsed by the comptroller to the effect "that the means required to make the payments under such contract are provided and applicable thereto" (§ 3, supra); and further, that "no debt or obligation of any kind shall be created by the common council against the city, except by ordinance or resolution specifying the amount and object of such expenditure (§ 10, supra).   We think it plain that neither of these provisions have any application to the plaintiffs' case.   The transaction which it involved is not within the letter of the prohibition.   The plaintiffs have supplied no

" work, materials or improvements" to the city, nor do they hold its contract, or any debt or obligation formed by agreement or the meeting of their minds with those of the defendant's officers. Neither have the latter violated, or failed in compliance with, the provisions of the charter. The express authority conferred by it to establish and maintain the bath carried with it, as a necessary incident, power to designate and procure a proper place for its location. This was done, not by agreement with the plaintiffs, but against their remonstrance and in the exercise of that implied power. They are not the less entitled to compensation, and there is nothing in the statute which relieves the defendant from liability for the use of property which it was authorized to take, or from that obligation to do justice which rests upon artificial as well as natural persons. (*Nelson* v. *Mayor, etc.,* 63 N. Y. 535, 544.) The cases (*McDonald* v. *Mayor, etc.,* 68 N. Y. 23 ; *Parr* v. *Greenbush,* 72 id. 463 ; *Dickinson* v. *Poughkeepsie,* 75 id. 65) cited by the appellant are not in conflict with this view. They go no further than to hold that when an express contract, entered into without compliance with the restrictions of a statute, is for that reason void, a recovery for the value of supplies furnished under it cannot be had as upon an implied liability. In the case at bar there was not only no prohibition, but the use of the plaintiffs' property was incidental to the very thing which the legislature had authorized. A recovery might, therefore, have been had even upon an implied contract to pay what that use was reasonably worth, but it is maintainable also upon the duty of the defendant to make compensation for property taken by its officers against the will of the owners.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.