[No. 2342. Decided December 18, 1896.]

SILAS F. COLLENSWORTH, *Respondent*, v. THE CITY OF
NEW WHATCOM, *Appellant*.

MUNICIPAL CORPORATIONS — LIABILITY FOR NEGLIGENCE — PERFORM-
ANCE OF CORPORATE POWERS IN IRREGULAR MANNER.

Where a municipal corporation undertakes the construction of a
public work which falls legitimately within its corporate powers, it
is liable for any injuries resulting from the negligence of an em-
ployee, although in attempting to exercise such power the corporate
authorities act in excess of the powers conferred by the charter, and
enter into a contract that is clearly *ultra vires*.

Appeal from Superior Court, Whatcom County.—
Hon. JOHN R. WINN, Judge. Affirmed.

*D. W. Freeman*, and *H. A. Fairchild*, for appellant :

Where an injury is sustained from the negligent
manner in which a public work is performed by an
independent contractor, as distinguished from an in-
jury arising from the nature of the work itself, the
municipality is not liable, but the remedy for the
injury is confined to the person causing the injury, or
his employer, the independent contractor. *Storrs v.
Utica*, 17 N. Y. 104 (72 Am. Dec. 437); *St. Paul v.
Seitz*, 3 Minn. 305 (74 Am. Dec. 753); *Blake v. Ferris*,
5 N. Y. 48 (55 Am. Dec. 304); *Pack v. Mayor*, 8 N. Y.
222; *Kelly v. Mayor*, 11 N. Y. 432. If, therefore, the
charter provision had been followed and the work in
question let to an independent contractor, no possible
liability could have resulted to the municipality from
the alleged negligence.

Assuming that the public work under construction
in this case cost to exceed the sum of $500, and that
the city authorities knew the same before entering

upon the attempted performance of the work, then the city could not dig the trench or do the work in any manner whatever.   They could not employ laborers to perform work thereon; the full power of the city was by proper ordinance to let the work to an independent contractor and the lowest bidder, and any attempt by the city authorities to do the work itself was *ulta vires.* *Brady v. Mayor*, 20 N. Y. 312; *Nash v. St. Paul*, 8 Minn. 172; *Arnott v. Spokane*, 6 Wash. 442; *Whitney v. Village of Hudson*, 37 N. W. 184; *In re Eager*, 46 N. Y. 100; *Dickinson v. Poughkeepsie*, 75 N. Y. 65; *Macey v. Titcombe*, 19 Ind. 135; *State v. Barlow*, 48 Mo. 17; *Yarnold v. Lawrence*, 15 Kan. 126; *Maxwell v. Stanislaus Co.*, 53 Cal. 389; *Fulton v. Lincoln*, 2 N. W. 724.   The parties who fired the blasts were, therefore, not the servants or agents of the municipality, unless the city should be held to have ratified the act, to be held estopped to question the same.   The city could not ratify the employment, as a ratification can, in any event, only be of and concerning what the municipality had the power originally to do.   *Marsh v. Fulton County*, 10 Wall. 676; *McCracken v. San Francisco*, 16 Cal. 591; *Cuyler v. Trustees*, 12 Wend. 165; *Durange v. Pennington*, 7 Am. & Eng. Corp. Cas. 588.

A city cannot be held liable in damages for an injury resulting from the act of a person, unless it appears that the injury was inflicted by a servant or agent of the city, while engaged in the legitimate exercise of the services or business for which he was employed.   Unless this is shown, the maxim *respondeat superior* does not apply.   *Mayor v. Cunliff*, 2 N. Y. 165; *Ball v. Town of Woodbine*, 6 Am. & Eng. Corp. Cas. 29; *Cavanagh v. Boston*, 1 N. E. 834; *Anthony v. Adams*, 1 Metc. 284; *Cushing v. Bedford*, 125 Mass. 526; *Spring v. Hyde Park*, 137 Mass. 554 (50 Am. Rep. 334);

15—16 WASH.

*Brigham v. Edmands* 7 Gray, 359; *Seele v. Deering*, 10 Atl. 45; *Morrison v. Lawrence*, 98 Mass. 219; *Rowland v. Gallatin*, 75 Mo. 134 (42 Am. Rep. 395); *Love v. Raleigh*, 28 L. R. A. 192; *Newberry v. Fox*, 33 N. W. 333.

*Newman & Howard*, for respondent:

The city owned, maintained and operated a system of water works for municipal profit, convenience and advantage; for any negligence, therefore, of the agents and employees of the city in connection with the performance of labor in the maintenance and extension of such water works system, the city would be liable to the same extent and in the same manner as private corporations and natural persons. *Murphy v. Lowell*, 124 Mass. 564; *Hand v. Brookline*, 126 Mass. 324; *Hannon v. St. Louis County*, 62 Mo. 313; *Bailey v. Mayor*, 3 Hill, 531 (38 Am. Dec. 669); *Pettengill v. Yonkers*, 22 N. E. 1095; 2 Dillon, Mun. Corp. (3d ed.), §§ 980–985; Wood, Master & Servant (2d ed.), § 469.

Mere irregularity in the exercise of a corporate power by the officers or agents of a municipality will not render the tortious act *ultra vires*, or relieve the municipality from liability for its consequences. 2 Dillon, Mun. Corp. (3d ed.), §§ 968–973; *Worley v. Town of Columbia*, 88 Mo. 107; *Lee v. Village of Sandy Hill*, 40 N. Y. 442; *Buffalo, etc., Turnpike Co. v. Buffalo*, 58 N. Y. 639; *Ft. Wayne v. Coombs*, 7 N. E. 743; *Houfe v. Town of Fulton*, 34 Wis. 608 (17 Am. Rep. 463); *Stoddard v. Village of Saratoga Springs*, 27 N. E. 1030; *Welter v. St. Paul*, 42 N. W. 392; *Pekin v. Newell*, 26 Ill. 320 (79 Am. Dec. 378); *Moore v. Mayor*, 73 N. Y. 238 (29 Am. Rep. 134); *State v. Morris, etc., R. R. Co.*, 23 N. J. Law, 360; *Sewell v. Cohoes*, 75 N. Y. 45 (31 Am. Rep. 418).

This respondent suffered the injury complained of

without any participation in, or even knowledge of, the vice which may have contaminated the contract. He was not *in pari delicto*, and for the *tort feasor* to apply to him the doctrine contended for by appellant would pervert the rule of law and shock the reason and conscience of mankind. 5 Thompson, Corporations, § 5992; *Bissell v. Michigan Southern, etc., R. R. Co.*, 22 N. Y. 258; *Poillon v. Brooklyn*, 4 N. E. 191; *Salt Lake City v. Hollister*, 118 U. S. 256; *Hitchcock v. Galveston*, 96 U. S. 341.

The opinion of the court was delivered by

GORDON, J.—The respondent sued to recover damages for personal injuries sustained, resulting from the alleged negligence of the servants and agents of the appellant city. The complaint alleges that the injury was caused by the servants and employees of the city carelessly and negligently firing and exploding a blast of giant powder, thereby causing a large rock to be thrown against the person of the plaintiff. That at the time of the injury the agents and employees of the city were engaged in excavating a trench or ditch for the construction and extension of its system of water works, and that the "blast" in question was fired and exploded in the prosecution and furtherance of the work of laying and extending such system. The answer was a general denial. From a judgment in plaintiff's favor for the sum of $7,250, the city has appealed.

It appears from the record that in the summer of 1894 the city authorities of New Whatcom, being desirous of extending its system of water works, called upon its engineer to furnish a report showing the cost and expense of a proposed extension. Pursuant thereto the city engineer made a report showing among

other things, that the cost and expense of digging the trench for the pipe, and filling and covering the same, would amount to about the sum of $3,500. Thereupon the city council passed the following resolution:

"On motion, the contract for constructing the tunnel for the water main at the lake was awarded to Quinn *et al.*, and the city engineer was instructed to employ the necessary help, and to proceed at once to dig the ditch for the water main."

Upon the authority of this resolution, the engineer laid out the work, staked it off, employed and discharged all of the labor, prepared monthly pay rolls and signed and filed them with the city clerk, and purchased explosives and other material used on the work; and it was while engaged in the prosecution of this work that the injury occurred which resulted in the present action. The appellant is a city of the third class, and § 130 of the general incorporating act, being § 649, 1 Hill's Code, provides:

"In the erection, improvement, and repair of all public buildings and works, . . . when the expenditure required for the same exceeds the sum of five hundred dollars, the same shall be done by contract, and shall be let to the lowest responsible bidder, after due notice, under such regulations as may be prescribed by ordinance."

It is contended in this case that the work of digging and filling the trench was at a cost greatly exceeding $500, and that the engineer's estimate of the cost, which estimate was furnished prior to the city's engaging in the work, showed that its cost would exceed $500; and it is further contended that the resolution of the council above set out, and the undertaking of the city to perform the work of digging the ditch and covering the main by direct employment of day labor,

under the supervision of its engineer, instead of letting the work to an independent contractor, was *ultra vires*. This contention proceeds upon the theory that if § 649, *supra*, had been followed, and the work let to an independent contractor, the city would not have been liable for any negligence arising in the prosecution of the work, and that the remedy for an injury of the character of which the plaintiff here complains would be confined to the person causing the injury and such independent contractor. This, in substance, is the position assumed by the city, and upon which it relies to defeat the action, and we think it unnecessary to notice in detail the various forms in which this main question is presented in the able and exhaustive brief of counsel for the appellant.

As a result of what has been stated, counsel argues that the parties who fired the blast which caused plaintiff's injuries were not the servants or agents of the city. We think it may be conceded that the resolution of the council above set out did not legally constitute the engineer the agent of the city. But it does not follow that the city can escape liability for the injuries occasioned to the plaintiff by the careless and negligent act of those actually within the control of the corporate authorities engaged in the prosecution of a work ostensibly within the scope of its corporate power. The reasons which would defeat an action brought by a corporation creditor upon a contract attempted to be created in disregard of statutory requirements, or an action brought by the laborers themselves to secure the value of their services, are not applicable to the present action. The creditor or laborer in such cases enters into the contract or renders the service with full knowledge, presumably, that the law forbids that the city should make such a con-

tract, or forbids that the city should undertake the work in which the services were performed. But these reasons are entirely inapplicable when urged in defense of an action of the character brought by the plaintiff herein. His injuries have been sustained, not as a consequence of any act in which he has participated or had knowledge. The respondent cannot be charged with any knowledge of the infirmity of the attempted contract of employment between the city and the persons firing the blast. It is enough, we think, that the city possessed the undoubted authority to construct or extend its water works system, and the mere fact that in attempting so to do it did not conform to the requirements of its charter furnishes no sufficient reason for exempting it from liability for the injury occurring to respondent. As is said by the supreme court of Wisconsin in *Houfe v. Town of Fulton*, 34 Wis. 608 (17 Am. Rep. 463).

"It always sounds badly when a party seeks to excuse or justify one wrong by saying that he perpetrated still another, which was the cause of that complained of. This is bad in morals, whether it be bad in law or not. But we think it is bad law, in a case like this."

That was a case where the plaintiff sought to recover damages sustained by reason of a defective bridge, and the action was defended upon the ground that no legislative permission had been granted to build the bridge, and that it was an unlawful structure, and maintained in defiance of the law. The appellant city had authority to extend its system of water works, and it attempted to do so, but in an irregular manner. Such irregularity cannot avail it in the present action; nor can advantage be taken of it in a collateral proceeding. *Salt Lake City v. Hol-*

*lister*, 118 U. S. 256 (6 Sup. Ct. 1055); *Chapman v. Douglass Co.*, 107 U. S. 348 (2 Sup. Ct. 62); *Poillon v. City of Brooklyn*, 101 N. Y. 132 (4 N. E. 191); *Howell v. City of Buffalo*, 15 N. Y. 512; *Hunt v. City of Boonville*, 65 Mo. 620 (27 Am. Rep. 299); *Dooley v. City of Kansas*, 82 Mo. 444 (52 Am. Rep. 380); *Mayor v. Sheffield*, 4 Wall. 189.

It was, we think, legitimately within the corporate power of the city of New Whatcom to cause the excavation of the necessary ditches and drains incident to an extension of its water system, and the mere fact that in attempting to exercise this power the corporate authorities departed from the method pointed out by the statute cannot relieve the corporation from the consequences of an injury resulting from an act committed within the scope of its corporate power, and the court did not err in denying appellant's motion for a non-suit, and in refusing to instruct the jury to find a verdict for the defendant, and in refusing to grant judgment in favor of the defendant on the special findings of the jury, nor in refusing to award a new trial. Nor do we think that the charge of the court was prejudicial to the appellant, or that any error was committed in the charge of the court, and under the evidence the verdict cannot be said to have been excessive. Objections not specifically mentioned herein have been considered, and, upon the entire record, we think the case was fairly tried, and the appellant had the benefit of every right which the law afforded it.

We perceive no reason for disturbing the judgment of the superior court, which is affirmed.

DUNBAR, SCOTT and ANDERS, JJ., concur.