## TOWN OF NEWTON *v.* WILSON.

[91 South. 419. No. 22437.]

MUNICIPAL CORPORATIONS. *Municipality is not liable for punitive damages for its servant's acts unless authorized by statute.*

A municipality is not liable for punitive damages for willful or malicious conduct of its servants unless authorized by statute.

APPEAL from circuit court of Newton county.

HON. A. J. McLAURIN, Judge.

Action by A. B. Wilson against the Town of Newton. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*J. L. Byrd,* for appellant.

The court erred in granting instruction No. 1, at the request of the plaintiff. The instruction is in the following words: "The court instructs the jury to find for plaintiff actual damages and the court further instructs you that if you believe from the evidence, that the conduct of defendant's agents and employees was malicious, wanton, wilful or grossly negligent, then you may assess punitive damages; that is, damages by way of punishment to the defendant, so as to compel it to have a due and proper regard for the rights of the public." And in the event you decide to award punitive damages you are empowered to award or allow such sum as you might see fit, not to exceed the sum sued for, to-wit: five hundred dollars.

We submit that this instruction is erroneous for several reasons, the first being that plaintiff was not entitled to an instruction peremptorily charging the jury to find for him as to actual damages as he was not entitled, under the evidence, to recover actual damages because he failed

to prove any damages. In the second place the statement of the law as to punitive damages is incorrect. *A. & V. Ry. Co.* v. *Cox,* 63 So. 334, and in the third place this is not such a case as would warrant a verdict for punitive damages; especially is that true when we remember that the defendant is a municipality. We have searched the authorities from beginning to end, as it were, and we fail to find a single case where a municipality is held liable for punitive damages, the only case of which we have any knowledge, being the case of *Town of Newton* v. *Bolton,* decided by this court without an opinion, and in which case a verdict for actual and punitive damages, was affirmed. But that case and the instant case do not bear any relation whatever in the degree of negligence and carelessness and wilfulness. The Bolton cases being a very aggravated case, while we submit that no grounds at all are proved for the infliction of punitive damages in this case. Ruling Case Law states that the doctrine seems to be that municipal corporations are not liable for punitive or exemplary damages.

Individuals and private corporations are sometimes held liable for exemplary or punitive damages on account of the wilful and malicious acts of their agents done in the course of their employment. A distinction has, however, been drawn in this particular between private corporations which are organized and conducted solely for the purpose of private and personal emolument, and public corporations, created by government for political purposes and exercising authority, delegated by the state, for the administration of the local and internal affairs of a city or town of a public character. There is respectable authority to the effect that a municipal corporation cannot, as such, do a criminal act or a wilful and malicious wrong and it cannot therefore be made liable for exemplary damages. 19 R. C. L., p. 1141. And see, also, 33 Ala. 116, 70 Am. Dec. 562.

No brief of counsel for appellee found in the record.

Holden, J., delivered the opinion of the court.

This is an appeal from a judgment for two hundred and fifty dollars in favor of the appellee, Wilson, against the appellant, town of Newton, as damages for wrongfully cutting off appellee's water supply.

On the trial of the case it was shown by the plaintiff that the town of Newton was furnishing his water supply from its water-works plant, and that appellee, as a subscriber for water, had paid the town the amount due for furnishing the water, and that an agent of the town cut the water off without any cause, and thereby inconvenienced and damaged appellant in denying him the use of the water for household purposes and for his stock for several days. The evidence tended to show that the town, through its agent, was guilty of willful negligence and wanton conduct in cutting the water off without notice and without cause. The jury was instructed to find actual damages for the plaintiff, and was also instructed that punitive damages might be awarded in the case. It appears from the testimony in the record that the actual damages were small, and that the verdict of two hundred and fifty dollars must have included punitive damages.

The appellant presents several serious grounds for reversal, but we shall notice only one, which will reverse the judgment, and the others may not arise again on a new trial.

We think the trial court erred in granting the instruction for punitive damages. While the question of whether punitive damages may be recovered against a municipality has never been passed upon in an opinion by this court, it is our judgment that exemplary damages are not recoverable against a municipality unless authorized by statute.

This seems to be the rule followed in other jurisdictions, and, while there may be some respectable authority to the contrary, we think the better rule to follow is that municipalities functioning solely in the public interest are not liable for punitive damages for the willful or malicious

conduct of its servants.  8 R. C. L. section 140; *Chicago* v. *Martin,* 49 Ill. 241, 95 Am. Dec. 590.

We think this rule is best and safest for the protection of the public against the unauthorized and unratified conduct of a willful or malicious agent.  The wanton agent may become liable individually, perhaps on his bond if he have any; but to hold that the public can be visited with punishment for the willful and malicious acts of its servants would be to contravene sound public policy.

For the error committed in granting the instruction for punitive damages, the judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*