McMANUS *v.* CITY OF MADISON HEIGHTS.

1. APPEAL AND ERROR—VERDICTS—EVIDENCE—INSTRUCTIONS.
   Jury's verdict and judgment of circuit court in trespass action by landowner against city for application of sealcoat treatment on part of his land as part of dust treatment program will not be reversed, where jury was properly instructed and there was sufficient evidence to support the verdict, merely because of defendant's claim that more weight should have been accorded defendant's witnesses and because jury may have been a new one unfamiliar with jury procedures.

2. SAME—QUESTIONS REVIEWABLE—RETAXATION OF COSTS—EXPERT WITNESS FEES.
   Appellant's objection to taxation of costs in trial court in that

the fees were allowed to 3 expert witnesses without the court's authorization was not brought before the Supreme Court for consideration, where he failed to make a motion for retaxation of costs by the lower court pursuant to pertinent court rule (Court Rule No 5, § 5 [1945]).

3. Trespass—Treble Damage Statute.

The treble damage statute is not applicable, where there is no taking away or cutting down involved in a trespass action for application of sealcoat treatment on some of plaintiff's land as part of dust treatment program (CL 1948, § 692.541).

Appeal from Oakland; Dondero (Stanton G.), J. Submitted January 5, 1962. (Docket No. 35, Calendar No. 49,305.) Decided March 16, 1962.

Case by Joe McManus against City of Madison Heights, a municipal corporation, for trespass upon plaintiff's land. Verdict and judgment for plaintiff. Defendant appeals. Plaintiff cross-appeals asking treble damages. Affirmed.

*Lee C. McManus,* for plaintiff.

*H. Eugene Field,* for defendant.

Kelly, J. A jury awarded plaintiff $3,500 damages resulting from defendant city's trespass upon plaintiff's land.

Defendant appeals claiming that the verdict of the jury was not supported by the weight of the evidence; that the burden of proof of sustained damages was not supported by a preponderance of the evidence; that the court erred in denying defendant's motion to set aside judgment, for judgment *non obstante veredicto,* and for a new trial; and that the taxed bill of costs was not in accordance with the court rules and statutes.

Plaintiff cross-appeals because the court denied him treble damages.

Plaintiff owns a parcel of land 339.54 by 333 feet in defendant city, said parcel being bounded on the east by John R. road, and which adjoins a half street (Brush avenue) on the west. Brush avenue extends from Eleven Mile road north to the south boundary of plaintiff's land, and north from the north boundary of plaintiff's land to Twelve Mile road.

Defendant admits the trespass, but states that as a part of a dust treatment program, the city applied a sealcoat treatment over the westerly part of plaintiff's land, in the belief the land was a part of the residential street system of the city.

Plaintiff denies that the trespass was unintentional and claims defendant ignored plaintiff's repeated complaints about the trespass and, instead, built a road 20 feet wide and 339 feet long upon his property.

Plaintiff produced 2 expert witnesses, who testified, respectively, that the property had been decreased in value by $10,000 to $15,000 and by $7,000. Defendant's 2 expert witnesses said the property has suffered no decrease in value.

The court instructed the jury:

"Now in this case the plaintiff claims damages resulting from a trespass to his land by the defendant city.

"The testimony as to the commission of trespass is undisputed. As a matter of fact, the defendant's own officials have admitted wrong complained of. However, the extent of the trespass is somewhat in dispute, and it is for you to determine from the evidence the extent of this trespass.

"The trespass having been admitted by the defendant, it is the plaintiff's right to recover damages for any injuries caused by the defendant's wrong. It is, therefore, your duty to award to the plaintiff such damages as will fairly and reasonably

compensate him for the injuries, if any, which he has sustained.

"In a case such as this, no witness has been allowed to, or would be allowed to, name any amount that the plaintiff should receive, as that is left entirely to the sound judgment and discretion of the jurors. On that subject, you are supposed to use the same common sense and judgment about what he ought to have as you would use in passing upon matters of equal importance. The only limit being that it shall be full and fair compensation for the damage shown to have been sustained under the testimony in the case."

Appellant does not object to the charge of the court nor to the introduction of evidence, but states that plaintiff's witnesses as to value did not stand up under cross-examination, while defendant's witnesses were unshaken by cross-examination. Further, that "The jury which heard this matter was entirely new. This was their first case in the term. They had not heard any other matter and they were not familiar with jury procedures."

The jury was properly instructed and there was sufficient evidence to support the verdict of the jury. Therefore, appellant's request that the jury verdict and judgment of the court be reversed, is denied.

Appellant, claiming that the taxed bill of costs entered in this cause was not in accordance with the court rules and statutes, calls attention that 3 witnesses were allowed expert witness fees without the court's authorization. See CL 1948, § 617.69 (Stat Ann § 27.918).

Michigan Court Rule No 5, § 5 (1945), provides:

"In circuit, recorder's and superior court, costs in a cause may be taxed by the court or the clerk may tax such costs, including his own fees therein, subject to retaxation by the court on motion of either party. But on such retaxation, no affidavit or objec-

tion which was not presented to the clerk shall be heard or allowed."

Appellant's objection should have been by motion asking for retaxation by the lower court. Its failure to do so does not bring this matter before this Court.

The remaining question is: Did the court err in denying cross appellant's motion for treble damages as a matter of law?

The pertinent section of the statute is CL 1948, § 692.451 (Stat Ann § 27.2161), and reads as follows:

"Any person who shall cut down or carry off, any wood, underwood, trees or timber, or shall girdle or otherwise despoil or injure any trees on the land of any other person, or shall dig up or carry away any stone, ore, gravel, clay, sand, turf, or mould from such land, or any roots, fruit or plant there being, or cut down or carry away any grass, hay, or any kind of grain standing, growing or being on such land, without the leave of the owner thereof, or on the lands or commons of any city, township, village or other corporations without license therefor given, shall be liable to the owner of such land, or to such corporation, in 3 times the amount of damages which shall be assessed therefor in an action of trespass, by a jury, or by a justice of the peace in the cases provided by law."

In the case at bar there is no taking away, no cutting down, and the provisions of the statute relating to treble damages does not apply. The court properly denied treble damages and the cross appeal is dismissed.

Judgment affirmed. Cross appeal dismissed. Costs to plaintiff and appellee.

Dethmers, C. J., and Carr, Black, Kavanagh, Souris, Otis M. Smith, and Adams, JJ., concurred.