Fred S. CHAPPELL and Edna E. Chappell, husband and wife, Emerson and Helen M. Taylor, husband and wife, John and Vivian Jackson, husband and wife, Bessie Hutchinson, a single person, and Charles and Ruth V. Hutchinson, husband and wife, Appellants,

v.

The CITY OF SPRINGFIELD, Missouri, a Municipal Corporation, Respondent.

No. 52229.

Supreme Court of Missouri, Division No. 2.

Feb. 12, 1968.

White & Dickey, Turner White, Springfield, Theodore G. Scott, Buffalo, Lincoln, Haseltine, Forehand & Springer, Horace S. Haseltine, Carl E. Yates, Springfield, for appellants-plaintiffs.

John B. Newberry, Springfield, for defendant-respondent.

STOCKARD, Commissioner.

This appeal arises from the trial of two consolidated actions in each of which the plaintiffs by their Count I sought actual damages from the City of Springfield for the operation of a nuisance in connection with its sewage disposal plant, and by their Count II sought punitive damages for the willful and malicious failure of the city to abate the nuisance. The trial court directed a verdict against plaintiffs on Count II. A jury trial as to Count I resulted in a verdict in favor of plaintiffs in the aggregate amount of $20,000. The plaintiffs filed a motion for new trial as to Count II, and the city filed a motion for new trial as to Count I. The trial court entered this order: "Defendant's motion for new trial sustained on grounds of error in plaintiffs' verdict directing instruction and damage instruction." Plaintiffs' motion for new trial as to Count II was overruled by operation of law at the end of ninety days. Plaintiffs have appealed from the order granting a new trial as to Count I, and also from the order directing a verdict as to Count II.

■ Plaintiffs assert that the trial court's order granting a new trial failed to comply with Civil Rule 78.01, V.A.M.R., in that it failed to "specify of record the ground or grounds on which said new trial is granted." Plaintiffs' verdict directing instruction was Instruction 3, and the damage instruction was Instruction 4. Both instructions were challenged in the city's motion for new trial. We think the trial court's order did fail to specify the grounds on which the new trial was granted within the meaning and intent of Civil Rule 78.01, V.A.M.R. However, Civil Rule 83.06, V.A.M.R., provides that when a trial court grants a new trial without specifying of record the ground or grounds therefor, the presumption shall be that the trial court erroneously granted the motion and the burden of supporting the court's action is placed on the respondent. Provision is made in this situation that the appellant may, by filing timely demand, require the respondent to file the original brief. Plaintiffs did not avail themselves of that procedure in this case. In its brief the city accepts the burden of supporting the trial court's action in granting a new trial.

■ The city asserts that Instruction 3 was erroneous because it submitted in the disjunctive that the city "permitted vile odors to escape from its sewage disposal plant or sludge beds, sludge lagoons, sludge trucks, or deposits of sludge on and off its plant" when the "record is totally lacking in any evidence that the city * * * had ever used a sludge bed, or that it had ever used a sludge lagoon, or that its sludge trucks in any way caused an odor." The city also asserts that Instruction 4 was erroneous because it was "purportedly taken from the Missouri Approved Instructions," MAI 4.01, but that the last phrase of the form of that instruction was left out. These challenges to the instructions were included in the assignment of errors in the city's motion for new trial. Such errors, if they exist, are errors of law, and do not constitute a discretionary basis for the granting of a new trial.

In view of the fact that the order granting a new trial must be affirmed because of the error in Instruction 4, we need not

on this appeal rule the alleged error attributed to Instruction 3. The language of Instruction 3, as such, is not challenged. The only assertion of error is that portions of the disjunctive submission are not supported by evidence. If that is true, the evidence at the new trial may be sufficient, or plaintiffs may elect not to include some of the submissions now contained in the instruction.

We turn now to Instruction 4, which was as follows:

"If you find the issues in favor of the plaintiffs on one or more of plaintiffs' claims, then you must award such plaintiffs such sum or sums as you believe will fairly and justly compensate such plaintiffs for any damages you believe they sustained. (MAI No. 4.01 Modified)."

Following the word "sustained," as set out above in Instruction 4, MAI No. 4 contains the words, "as a direct result of the occurrence mentioned in the evidence." This qualifying phrase was left out (plaintiffs say unintentionally) of Instruction 4 as given to the jury. The city contends that this omission was prejudicial error because it permitted the jury to allow damages "for anything the jury believed they [the plaintiffs] might have sustained, whether such damages were a result of the occurrences mentioned in evidence or not."

Plaintiffs argue that this "technical error" in Instruction 4 was not prejudicial because in Instruction 3, plaintiffs' verdict directing instruction, the fourth required finding was as follows: "Fourth, as a direct result thereof, plaintiffs sustained damage." However, we conclude that this case is governed and ruled by Brown v. St. Louis Public Service Company, Mo., 421 S.W.2d 255, a decision by this court en banc. There, the phrase omitted in this case was included in the instruction, but in that phrase the word "direct" before the word "result" was omitted. Such omission was held to constitute prejudicial error, and the order granting a new trial was affirmed. As to the contention made by plaintiffs

that the fourth clause of Instruction 3 prevented the omission of the phrase from being prejudicial, this court in the Brown case ruled as follows: "Likewise, we overrule plaintiffs' contention that the absence of the word 'direct' in Instruction No. 6 is harmless error in view of the fact that Instruction No. 2, which was plaintiff's verdict-directing instruction, required the jury to find that plaintiff sustained damages as a direct result of defendant's negligence. In effect, a conflict between Instruction No. 2 and Instruction No. 6 was created." Instruction 4 in the pending case authorized the jury to award to plaintiffs "any damages you believe they sustained," and without the omitted qualifying phrase that is an erroneous measurement of damages.

■ Assuming the fourth required finding of Instruction 3 presented to the jury the proper measurement of damages, as contended by plaintiffs, then as was true in the Brown case a conflict was created. If it did not, the erroneous declaration in Instruction 4 remained unqualified. In either event, based on the ruling of the Brown case, the error was prejudicial and the trial court correctly granted a new trial for this reason.

Plaintiffs contend that in the event the order granting a new trial as to Count I is affirmed, they should be entitled to a new trial on Count II pertaining to punitive damages. It is doubtful that the evidence would authorize a finding of willful, wanton, malicious failure on the part of the city to abate the nuisance, but it is not necessary that we so rule. Even if the evidence in the record before us is not sufficient, since there must be a new trial as to Count I, it could be contended that the evidence on that new trial might authorize the submission of the issue of punitive damages, and therefore we should authorize a new trial as to Count II. However, to do this would at least indicate that this court considers punitive damages to be recoverable, when authorized by the evidence, against a municipality.

█ It is the general rule that in the absence of a statute specifically authorizing such recovery, punitive or exemplary damages are not recoverable against a municipal corporation. Bennett v. City of Marion, 102 Iowa 425, 71 N.W. 360, 63 Am.St.Rep. 454; City of Chicago v. Langlass, 52 Ill. 256, 4 Am.Rep. 603; Town of Newton v. Wilson, 128 Miss. 726, 91 So. 419; Wilson v. City of Wheeling, 19 W.Va. 323, 42 Am. Rep. 780; Fisher v. City of Miami, Fla., 172 So.2d 455; Brown v. Deming, 56 N.M. 302, 243 P.2d 609; Rascoe v. Town of Farmington, 62 N.M. 51, 304 P.2d 575; Clarke v. City of Greer, 231 S.C. 327, 98 S.E.2d 751; Raplee v. City of Corning, 6 A.D.2d 230, 176 N.Y.S.2d 162; Michaud v. Bangor, 160 Me. 285, 203 A.2d 687; Desforge v. City of West St. Paul, 231 Minn. 205, 42 N.W.2d 633, 19 A.L.R.2d 898; McManus v. City of Madison Heights, 366 Mich. 26, 113 N.W.2d 889; Annotation 19 A.L.R.2d 903; Morris, Punitive Damages in Tort Cases, 44 Harv.L.Rev. 1173, 1204.

In 1877 in the case of Hunt v. City of Boonville, 65 Mo. 620, this court ruled that while a municipal corporation could be liable for actual damages resulting from a trespass, it could not be held liable for treble damages under what is now Section 537.340, V.A.M.S. The court recognized that private corporations are answerable in exemplary damages for the willful and malicious acts of their agents done in the course of their employment, but, the court said, "we are inclined to think that a distinction should be drawn in this particular between private corporations, which are organized and conducted solely for the purpose of private and personal emolument, and public corporations, created by government for political purposes and exercising authority, delegated by the State, for the administration of the local and internal affairs of a city or town of a public character. There is respectable authority to the effect that a municipal corporation can not, as such, do a criminal act or a willful and malicious wrong and they cannot therefore be made liable for exemplary damages." We are not able to find any later case in this state which has expressly ruled on the issue of whether a municipality is subject to punitive damages in the absence of a statute specifically authorizing such recovery. However, in Kelly v. City of Cape Girardeau, 338 Mo. 103, 89 S.W.2d 41, plaintiff sought actual damages for the overflow of his property alleged to have resulted from improper collection by the city of surface water and diverting it onto plaintiff's property. Prior thereto plaintiff had obtained a judgment against the city in which the condition was declared to constitute a nuisance and its abatement was ordered, and in the action in which plaintiff sought actual damages he also sought punitive damages for the willful and wanton failure to abate the nuisance. Trial resulted in a verdict of actual damages in the amount of $20 and punitive damages in the amount of $135 on each of several counts. See Kelly v. City of Cape Girardeau, 228 Mo.App. 865, 72 S.W.2d 880, an opinion in the same case by the Springfield Court of Appeals. In neither the court of appeals opinion, supra, nor in the opinion by this court was there any discussion of whether a municipal corporation is subject to punitive damages, and apparently the issue was not before the court. In view of what was done in the Kelly case without discussion, which appears to be in conflict with the principles stated in the Hunt case and with the general rule, we conclude that we should reexamine the principles involved.

In State ex rel. United Factories, Inc. v. Hostetter, 344 Mo. 386, 126 S.W.2d 1173, this court said that it had "consistently sustained the award of punitive damages against a corporate defendant (private corporation) for the wrongful act of its servant or agent in the course or line of his employment when the evidence shows such wrongful act was done wilfully, wantonly or maliciously." Care apparently was taken to show that the term "corporate defendant" referred only to a private corporation and not to a public or municipal cor-

poration. Thus, subsequent to the Kelly case, by implication at least, this court recognized that private corporations and public corporations should be treated differently in respect to liability for punitive damages.

Punitive damages, in this state as in others, are awarded for the purpose of inflicting punishment for wrongdoing, and as an example and deterrent to similar conduct. Beggs v. Universal C. I. T. Credit Corporation, Mo., 409 S.W.2d 719; Polk v. Missouri-Kansas-Texas R. Co., 351 Mo. 865, 174 S.W.2d 176. They are not awarded as compensation to plaintiff for the injuries or loss sustained by him. Compensation for actual injuries or loss is in the form of actual damages.

One of the principal reasons advanced by the courts why punitive damages should not be recoverable against a municipality, in the absence of specific legislative authority, is that to permit such recovery would contravene public policy. The reasoning is that since punishment is the objective, the people who would bear the burden of the punishment—the tax paying citizens—are the same group who are supposed to benefit from the public example which the punishment makes of the wrongdoer. In Town of Newton v. Wilson, 128 Miss. 726, 91 So. 419, the court commented that the "wanton agent may become liable individually, perhaps on his bond if he have any, but to hold that the public can be visited with punishment for the willful and malicious acts of its servants would be to contravene sound public policy." In McGary v. President & Council of Lafayette, (La.) 12 Rob. 674, 43 Am.Dec. 239, plaintiff sought actual and punitive damages against a municipality when its agents ordered the demolition of a building in violation of an injunction. Upon rehearing the court held that the municipality could not be held liable for punitive damages because "vindictive damages" can "never be allowed against the innocent" which would be taxpayers of the municipality. See the discussion of the public policy theory in 19 A.L.R.2d at p. 910, and the cases there cited. We conclude that the underlying justification and purpose of punitive damages, that is, the punishment of a wrongdoer, is not applicable when applied to a municipal corporation.

Another factor to be considered is the rule which permits evidence of the wealth of a tort-feasor as a measure of the amount of punitive damages which should be awarded. Brown v. Payne, Mo., 264 S.W.2d 341; Dawes v. Starrett, 336 Mo. 897, 82 S.W.2d 43. "The theory is—the wealthier the wrongdoer, the greater the award. Otherwise stated, a relatively small sum might be adequate to punish a poor man. A much greater sum, for the same wrong, would be needed to punish a rich man. If this were allowed against municipalities, it would permit evidence of the unlimited taxing power as the measure of a proper verdict." Fisher v. City of Miami, Fla., 172 So.2d 455. It has been suggested that punitive damages should be permitted to be recovered against a municipality without evidence of wealth, but as stated in the Fisher case, this would "completely eliminate the punishment element which is a prime justification for the award at the outset."

The theory that punitive damages serve as a deterrent to others adds little justification for the award against a municipality. It is assumed that public officials will do their duty, and if discipline of a wrongdoing municipal employee is indicated, appropriate measures are available through the electorate, or by superior officials responsible to the electorate, without recourse to punitive awards through the courts.

We find no statute authorizing the recovery of punitive damages against a municipality in the factual situation we have here. Therefore, we conclude that insofar as Kelly v. Cape Girardeau, supra, implies that punitive damages are recoverable against a municipal corporation under the factual circumstances of this case, it is disapproved, and that this court should be aligned with the substantial majority which hold that, in the absence of a legislative

pronouncement to the contrary, municipalities are not liable for punitive damages when sued for a wrong committed by an employee.

For the above reasons the judgment of the trial court directing a verdict for defendant as to Count II is affirmed; the order granting a new trial as to Count I is affirmed and the cause remanded.

BARRETT, C., not sitting.

PRITCHARD, C., concurs in part, dissents in part.

PER CURIAM: The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

FINCH, P. J., and EAGER and HOLMAN, JJ., concur.

DONNELLY, J., not sitting.