**Bruce A. HONEYWELL, Plaintiff,**

v.

**VILLAGE OF LAKESIDE, et al., Defendants.**

**No. 84–4047–CV–C–5.**

United States District Court,
W.D. Missouri, C.D.

Feb. 15, 1985.

Donald J. Lock, Gladstone, Mo., John H. Norton, Norton, Pollard & Norton, Inc., Kansas City, Mo., for plaintiff.

Robert J. Quigley, Eldon, Mo., for Village of Lakeside.

Alex Bartlett, John Reed, Jefferson City, Mo., for defendants Lake Ozark, McGrew and Brown.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Presently before the Court is defendant City of Lake Ozark's Motion to Strike and Motion to Dismiss Count III of plaintiff's First Amended Complaint for failure to state a claim upon which relief can be granted. Plaintiff has filed written opposition to both motions. For the following reasons, defendant's motion to strike will be granted, however, defendant's motion to dismiss will be denied.

This lawsuit arises out of an incident leading to plaintiff's arrest which occurred on July 4, 1983. Plaintiff was arrested on that date in the Village of Lakeside for purportedly violating a Village of Lakeside litter ordinance. Arresting officers, defendants Roger Brown and Joe McGrew, were City of Lake Ozark policemen, on duty in and for the Village of Lakeside pursuant to a contractual arrangement between the Village and City of Lake Ozark.

Incident to the arrest, plaintiff maintains that his treatment by the officers gives rise to a cause of action, against them, and the respective municipal corporations, under 42 U.S.C. § 1983; for punitive damages; and a common law assault and battery claim. The incident occurred in the Village of Lakeside, however, plaintiff maintains the City of Lake Ozark is vicariously liable for the actions of their employees (arresting officers) while on duty in, and on behalf of, the Village of Lakeside. At all times, however, it appears the arresting officers were being paid by the City of Lake Ozark.

■ The question before the Court in considering a motion to dismiss for failure to state a claim upon which relief may be granted is whether, in the light most favorable to the plaintiff, the complaint states any valid claim for relief. *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir.1974). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Moreover, a complaint will not be dismissed merely because the Court doubts that a plaintiff will prevail on the action. *Bramlet, supra*, 495 F.2d at 716.

■ Count III of plaintiff's First Amended Complaint alleges, inter alia, that at the time of the arrest, defendants Joe McGrew and Roger Brown were acting within the course and scope of their employment with the City of Lake Ozark, thereby rendering Lake Ozark vicariously liable for plaintiff's damages. The defendant-officers were employed by the City of Lake Ozark, presumably paid by that City, yet on duty in the Village of Lakeside, as Lakeside police, pursuant to a contractual arrangement between the two municipalities. Assuming this is true, as this Court must (and defendant does not indicate otherwise), Count III of plaintiff's complaint states a cause of action against Lake Ozark on a theory of respondeat superior, alleging vicarious liability of an employer for the tortious action of his employee.

Defendant, City of Lake Ozark, maintains that a municipal corporation cannot be held liable on a theory of vicarious liability in a § 1983 case. Insofar as plaintiff's claim sounds in tort, defendant raises sovereign immunity as a bar to imposing vicarious liability on a municipal corporation for the acts of its employees. Plaintiff maintains that the contracting out of the officers to Lakeside Village represents a proprietary rather than governmental activity, thus stripping the City of Lake Ozark of any sovereign immunity it may otherwise enjoy.[1]

1. Such sovereign immunity and/or governmental tort immunity as existed at common law in Missouri prior to September 12, 1977, except to the extent waived, abrogated or modified by prior statutes remains in full force and effect. V.A.M.S. § 537.600 (1978). At common law a

In an action brought under 42 U.S.C. § 1983, no theory of vicarious liability can operate to hold the City of Lake Ozark liable for the [tortious] actions of their employees. Although a municipal corporation certainly does not enjoy complete immunity from liability under § 1983,[2] a municipal corporation cannot be held liable under 42 U.S.C. § 1983 solely because it employs a tortfeasor; a municipal corporation cannot be vicariously liable under 42 U.S.C. § 1983 on a respondeat superior theory. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978): *Herrera v. Valentine,* 653 F.2d 1220, 1224 (8th Cir. 1981).

Plaintiff maintains, however, that insofar as Count III alleges a common law tort, a city (such as Lake Ozark) cannot raise sovereign immunity as a defense to the tortious actions of its employees in the execution of a proprietary rather than governmental function. Although plaintiff correctly perceives the scope of the immunity afforded a municipal corporation under Missouri law, the lynch-pin of plaintiff's position requires the conclusion that in supplying police services, for a price, to the Village of Lakeside, the City of Lake Ozark engaged in a proprietary rather than governmental function. As sovereign immunity does not insulate a municipal corporation from liability for tortious conduct in the performance of proprietary functions,[3] vicarious liability may attach by reason of an employee's tortious actions in the execution of proprietary functions. *Davis v. City of St. Louis,* 612 S.W.2d 812, 815 (Mo.App., 1981).

A city functions as a body politic, as an organ of government, and also as a body corporate, an artificial personality or corporation. *Counts v. Morrison-Knudsen, Inc.,* 663 S.W.2d 357, 362 (Mo.App. 1983). Whether a city, under a given set of facts, is performing a proprietary or governmental function is not always easily determined. Indeed, despite frequent reference to the distinction, it is a nebulous concept, often defying understanding and resulting in a "maze of inconsistency." *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 825 (Mo. en banc 1979).

Given the fact that a city has these dual obligations and by its nature performs both proprietary and governmental functions, in deciding whether a city or municipal corporation can be sued in a particular instance, a court must look to the nature of the activity performed to determine in which capacity the city has acted. *Counts v. Morrison-Knudsen, Inc., supra,* 663 S.W.2d at 362. A governmental activity or duty is one which is performed for the common good of all, whereas a proprietary act is one performed for the special benefit or profit of the city as a corporate entity. *See, e.g., Dallas v. City of St. Louis,* 338 S.W.2d 39, 44 (Mo.1960).

Plaintiff's complaint asserts liability against the City of Lake Ozark for the actions of Brown and McGrew during the course of their employment with the City of Lake Ozark, yet on duty in and for the Village of Lakeside. Although the Court is inclined to characterize Lake Ozark's action as proprietary, the context of a motion to dismiss prevents the Court from actually deciding whether the contracting out of Lake Ozark policemen to Lakeside Village

---

municipal corporation was immune from liability for performance of governmental functions, however was liable for tortious actions of their agents, servants, or officers, in the execution of corporate powers and duties. *See Cook v. Kansas City,* 358 Mo. 296, 214 S.W.2d 430 (1948); *State ex rel Askew v. Kopp,* 330 S.W.2d 882 (Mo.1960); *State ex rel Allen v. Barker,* 581 S.W.2d 818, 825 (Mo. en banc 1979).

**2.** *See, Nix v. Sweeney,* 573 F.2d 998 (8th Cir.) *cert. den.* 444 U.S. 929, 100 S.Ct. 271, 62 L.Ed.2d 186 (1978). When the wrong complained of

constitutes official action of the city, contrary state immunity defenses cannot, consistent with the supremacy clause, protect the municipal corporation. The Court of Appeals, however carefully distinguishes between *official action* of the city, on the one hand, and tortious *conduct of employees,* on the other.

**3.** *See* Note 2, *supra,* and accompanying text. *See also Davis v. City of St. Louis,* 612 S.W.2d 812, 814 (Mo.App.1981).

is a proprietary or governmental function. Plaintiff has properly pled facts showing defendant was acting in a proprietary function. Defendant's motion to dismiss and reliance on sovereign immunity, so far as it rests on the ground that Lake Ozark was acting in a governmental capacity must be denied. *See, Counts v. Morrison-Knudsen, Inc., supra,* 663 S.W.2d at 363. This Court cannot, without speculation, know from the face of the complaint whether the City of Lake Ozark's actions were proprietary or governmental in nature. Therefore, defendant's motion to dismiss Count III of plaintiff's First Amended Complaint will be denied.

In their second motion, defendant City of Lake Ozark moves to strike plaintiff's claim(s) for punitive damages against the City of Lake Ozark. In so requesting, defendant City of Lake Ozark maintains that both Missouri and federal law prohibit recovery of punitive damages against a municipal corporation. Plaintiff acknowledges the well-settled rule that punitive damages may not be recovered under 42 U.S.C. § 1983 against a municipal corporation. *See City of Newport, et al. v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Plaintiff maintains, however, that the facts of this case remove it from any prohibition of punitive damages against municipal corporations. Plaintiff asserts that where the municipal corporation cannot otherwise avail itself of the shield of sovereign immunity, it likewise loses its immunity from liability for punitive damages. Necessarily relying on the assumption that the City of Lake Ozark's actions are proprietary in nature (thereby depriving them of a sovereign immunity tort defense), plaintiff claims that the prohibition on punitive damages against municipal corporations is inapplicable insofar as it relates to plaintiff's common law tort claims.

■ Assuming without deciding that plaintiff's assertion is indeed correct, i.e., that defendant's actions were proprietary rather than governmental, the facts and circumstances of this case do not yet support relaxing the well-settled prohibition on punitive damage awards against municipal corporations. Accordingly, defendant's motion to strike will be granted.

In enacting 42 U.S.C. § 1983, Congress expressed no intention to do away with the immunities afforded state officials at common law; indeed, the Supreme Court has consistently declined to construe the general language of 42 U.S.C. § 1983 as automatically abolishing such traditional immunities by implication. *City of Newport, supra,* 101 S.Ct. at 2755. The 42nd Congress was well aware of common law principles of immunity and at that time the common law immunity a municipal corporation enjoyed from punitive damages was not open to serious question or doubt. *Id.* at 2756. Admittedly, an incorporation of complete immunity would render § 1983 impotent, however, the United States Supreme Court, after careful inquiry into the history and policy of § 1983, has held that the statute does indeed incorporate the immunity a municipal corporation enjoys from punitive damages. *Id.* at 2758. These same reasons and policies demand the same result, regardless of whether the claim is founded on 42 U.S.C. § 1983 or common law theories of liability.

■ Historically, courts have been loathe to attribute the malice of public officials to taxpaying citizens of a community. *See Hunt v. City of Booneville,* 65 Mo. 620 (1877). Allowing punitive damages to be assessed against a municipal corporation would burden the very taxpayers and citizens for whose benefit the wrongdoer is being chastised. *City of Newport, supra,* 101 S.Ct. at 2757. Rather than representing an element of compensation, rightly shared by the municipality, punitive damages represent only punishment; which should rightly be borne only by the wrongdoer. *See* Rest.2d Torts § 908 (1979). Punitive damages are awarded in order to inflict punishment for wrongdoing and as an example and deterrent to similar conduct, not to compensate an injured plaintiff

for his loss.[4] *Chappell v. City of Springfield*, 423 S.W.2d 810, 814 (Mo.1968). It would be anomalous to force the burden of punishment that would result from assessing punitive damages against a municipal corporation on the taxpayer—the very group supposed to benefit from the public example which punitive damages make of the wrongdoer. *Chappell, supra,* 423 S.W.2d 814. Vindictive damages should not be borne by innocent taxpayers. *Id.*

Under Missouri law a municipality is not liable for punitive damages when sued for a wrong, committed by an employee or otherwise, absent a statute specifically authorizing such recovery.[5] *Chappell v. City of Springfield*, 423 S.W.2d at 813, 814–15. Neither does the governmental-proprietary function distinction, assuming it can be made, overshadow the history and/or policy behind the United States Supreme Court's and Missouri Supreme Court's refusal to allow punitive damages to be levied against a municipal corporation. Imposing punitive damages against a municipal corporation would bestow a windfall on an already fully compensated plaintiff, and could very likely be accompanied by an increase in taxes or reduction of public services for the citizens ultimately footing the bill. *City of Newport, supra,* 101 S.Ct. at 2760. Neither reason nor justice demands that such retribution be visited upon the blameless and unknowing taxpayer. *Id.* A municipal corporation cannot bear malice independent of the malice of its officials. Therefore, punitive damages are not sensibly assessed against a government entity as such, regardless of the characterization of the activity as governmental or proprietary.

Absent a statute specifically authorizing such recovery, punitive damages are not recoverable against a municipal corporation under Missouri law. *Chappell v. City of Springfield*, 423 S.W.2d at 814. While punitive damages are otherwise available in a § 1983 or common law tort claim against an *individual* tortfeasor, the justifications and purposes underlying that rule are wholly inapplicable when applied to a municipal corporation such as the City of Lake Ozark. Regardless of any distinctions which may render an activity governmental or proprietary, the net result is the same—a windfall befalls the plaintiff at the certain expense of the innocent taxpayer. History, policy, and state and federal law do not require a different result. Therefore, as it relates to defendant City of Lake Ozark, plaintiff's claim for punitive damages will be stricken.

Accordingly, it is hereby

ORDERED that defendant City of Lake Ozark's motion to dismiss Count III of plaintiff's First Amended Complaint is hereby denied, and it is further

ORDERED that defendant City of Lake Ozark's motion to strike plaintiff's claim for punitive damages against the City of Lake Ozark is hereby granted.

---

4. Deterrence is yet an insufficient justification for imposing punitive damages against a municipal corporation. The wrongdoing officials may not be deterred by an award of damages against a municipal corporation. At most, the impact on the tortfeasor(s) is uncertain. Secondly, there is no reason to assume desired corrective action (sanction or removal of wrongdoing official) will not occur without punitive damages—compensatory damages may be sufficient impetus to corrective action. Third, the threat of punitive damages against the *official* may be a sufficient and more effective deterrent to official wrongdoing. Fourth, the acts represent a real and serious threat to the financial integrity of the municipal entity in return for dubious benefit, and finally, as evidence of net worth would be admissible and a municipal corporation has unlimited taxing power, the awards would represent an unpredictable, substantial windfall to the plaintiff. *See Chappell, supra,* 423 S.W.2d at 814; *City of Newport, supra,* 101 S.Ct. at 2760–61.

5. And, indeed, where statutes have relaxed, waived or abrogated sovereign immunity in some respect, the legislature has carefully retained the prohibition on assessing punitive damages against a municipal corporation. *See, e.g.,* RSMo § 537.610.3.