Debbie FORTNER, Plaintiff,

v.

CITY OF ARCHIE, MISSOURI,
et al., Defendants.

No. 99–0082–CV–W–SOW.

United States District Court,
W.D. Missouri,
Western Division.

Oct. 7, 1999.

David M. Peterson and John F. Wilcox, Jr., Peterson & Associates, Kansas City, MO, for plaintiff.

Mark D. Katz, Sherman, Taff & Bangert, P.C., Kansas City, MO, for defendants.

## ORDER

SCOTT O. WRIGHT, Senior District Judge.

Before this Court is defendants Smith, Argabright, McDonnell, Alley and Galloway's Motion to Dismiss Count II (Doc. # 19), and defendants Smith, Baker, Argabright, McDonnell, Alley and Galloway's Motion to Dismiss Count III and the City of Archie's Motion to Partially Dismiss Count III (Doc. # 23). For the reasons stated below, these Motions are granted in part and denied in part.

### I. *Background*

Plaintiff filed this suit on January 22, 1999, alleging gender discrimination in violation of the Missouri Human Rights Act and 42 U.S.C. § 1983. The complaint arises from the defendants' alleged denial to plaintiff of "substantial raises" on the basis of her gender. The defendants in this case are the City of Archie ("Archie"), the Mayor, the City Clerk, and the Board of Aldermen.

### II. *Standard*

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for a dismissal based upon failure to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) "is inappropriate unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McCormack v. Citibank, N.A.,* 979 F.2d 643, 646 (8th Cir.1992) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). When considering a motion to dismiss, an assumption must be made that all the facts alleged in the complaint are true and a dismissal may be granted "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Alexander v. Peffer,* 993 F.2d 1348, 1349 (8th Cir.1993) (citation omitted).

### III. *Discussion*

The defendants in this case raise three issues. Each argument will be discussed individually.

### A. *Legislative Immunity for Count II*

■ The five defendants named in Count II argue that the count should be dismissed because of legislative immunity. The defendants are Don Smith, the mayor of Archie, and Edwine Argabright, Dean McDonnell, John Alley, and Jim Galloway, the four members of the Board of Aldermen for Archie. The defendants argue in their reply brief that their Motion should be converted to a Motion for Summary Judgment. Because this case is still early in the process and discovery is not complete, this Court declines to convert the Motion at this time.

The defendants claim that because the raises were a legislative act, they are entitled to legislative immunity. The plaintiff argues that the particular actions in question do not fall within the "legislative" realm and are therefore outside of the immunity.

■ There is no question that legislative bodies, even the Board of Aldermen of a small town, are given immunity for statements and actions taken while performing legislative acts. *Bogan v. Scott–Harris,* 523 U.S. 44, 118 S.Ct. 966, 972, 140 L.Ed.2d 79 (1998). The proper inquiry, therefore, is whether the actions taken in this case were "legislative."

■ The actions of a legislative body are considered legislative "when it is poli-

cymaking or of general application." *Woods v. Gamel*, 132 F.3d 1417, 1420 (11th Cir.1998); *see also Alexander v. Holden*, 66 F.3d 62, 66 (4th Cir.1995). Voting does not, in and of itself, establish an act as legislative. *Smith v. Lomax*, 45 F.3d 402, 405–06 (11th Cir.1995). When the facts used to make the decision " 'relate to particular individuals or situations' and the decision impacts specific individuals or 'singles out specifiable individuals,' the decision is administrative." *Alexander*, 66 F.3d at 66 (citations omitted). The Eighth Circuit Court of Appeals, in *O'Brien v. City of Greers Ferry*, 873 F.2d 1115 (8th Cir.1989), held that "a legislative act is a formulation of policy governing future conduct *for all or a class of the citizenry*." *Id.* at 1119 (emphasis added).

Viewing the allegations before this Court in the light most favorable to plaintiff, as we must in a Motion to Dismiss, it appears that the Board of Aldermen voted on raises for three particular individuals including the plaintiff. The Board then denied plaintiff a raise commensurate with the other individuals based upon her status as a married woman. This is clearly an act that "singles out specifiable individuals," and is therefore not a legislative act. For this reason, a Motion to Dismiss based upon legislative immunity is not appropriate.

■ Mayor Smith also claims that his actions did not constitute "action under color of state law" as is required by § 1983. Plaintiff argues that Smith's role was not limited to simply presiding over meetings.

The defendant is correct that the accused must be acting "under color of state law." "[A] public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir.1997). As stated by defendant Smith, his official duties are to preside over the meetings of the Board of Aldermen, although he does not get to vote. As presiding officer, how-

ever, this Court is certain that he can and does influence the Board on the issues in front of it while acting in his official capacity.

Viewing the allegations in the light most favorable to plaintiff, it is certainly believable that the Mayor could and did take part in the decision-making process that led to the allegedly inequitable raises at issue in this case. Therefore, he was acting "under color of state law" as is required by § 1983.

The Mayor and Aldermen next argue that the plaintiff is redundant in pleading against them in their official capacities as well as suing Archie as an entity. Plaintiff agrees and voluntarily withdraws the claims to the extent that they state a claim against the individual defendants in their official capacities.

## B. *Individuals Not Employers for Count III*

■ The six individual defendants named in Count III, which includes the five discussed above as well as Lyle Baker, the City Clerk, argue that Count III should be dismissed against them because they are not "employers" as required by the Missouri Human Rights Act ("MHRA"), § 213.010 *et seq.*, RSMo. Plaintiff argues that the plain language of the MHRA includes individuals working for the employing entity. The language at issue is as follows: " 'Employer' includes the state, or any political or civil subdivision thereof, . . . and any person directly acting in the interest of an employer . . . ." § 213.010(7), RSMo.

Defendants direct this Court to the Eighth Circuit's decision in *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377 (8th Cir.1995). In *Lenhardt*, the court examined this exact same issue on similar facts and held that the definition in the MHRA did not include individual employees of the employer. *Id.* at 381. While the Missouri Supreme Court has never spoken on the issue, the Eighth

Circuit examined analogous federal law and determined that individual employees have been systematically excluded from liability in favor of the employer as an entity, therefore, they must be excluded from the MHRA as well. *Id.*

In this case, the individual defendants are all defended by counsel who also represents the City of Archie. Presumably, any judgment rendered against them would then be paid from the same source. While the opinion of the Eighth Circuit appears to be in direct contradiction with the plain language of the MHRA, the ultimate result would be the same. Accordingly, Count III will be dismissed against the individual defendants.

### C. *Punitive Damages in Count III*

The final defendant in Count III, the City of Archie, argues that the claim for punitive damages should be stricken because of the Eighth Circuit's recent decision in *Kline v. City of Kansas City, Mo., Fire Dept.,* 175 F.3d 660 (8th Cir.1999). Plaintiff argues that the Eighth Circuit failed to properly examine the issues and ignored state court precedent that has interpreted the statute to allow punitive damages against a municipality.

■ Punitive damages are generally not recoverable against a municipality. *Kline,* 175 F.3d at 670 (*citing Chappell v. City of Springfield,* 423 S.W.2d 810, 814–15 (Mo. 1968)). It is in fact the general rule that absent "a statute specifically authorizing such recovery, punitive or exemplary damages are not recoverable against a municipal corporation." *Chappell,* 423 S.W.2d at 813.

The statute at issue in this case, as well as in *Kline,* is the MHRA. The MHRA includes among its provisions the definition of "employer" that includes "the state, or any political or civil subdivision thereof." § 213.010(7). The MHRA also allows the

court to award the plaintiff "actual and punitive damages" in an action against an employer.[1] § 213.111.2.

The court in *Kline* held that because the MHRA is "voluminous," a result "cobbled together" from different sections of the statute does not satisfy the requirements of *Chappell* and its progeny. *Kline,* 175 F.3d at 670. It is the experience of this Court, however, that all legislative bodies use a definition section to make the drafting of the substantive law easier to follow without having to repeat the definition. Assuming this to be true, it would appear that the inclusion of "political or civil subdivision" by the Missouri General Assembly in the definition of employer would subject them to the same damages as any other employer.

This has also been the opinion of numerous other courts that have addressed this same issue. The Missouri Court of Appeals for the Eastern District, in *H.S. v. Board of Regents, Southeast Missouri State University,* 967 S.W.2d 665 (Mo.App. E.D.1998), held that an award of punitive damages was allowed under the MHRA. *Id.* at 672–73. In addition to the award of punitive damages, the court went on to hold that the statute expressly intended to treat the state and its subdivisions in the same manner that it treats other employers. *Id.* at 673.

In *Lee v. Junior College District,* 1995 WL 363428 (E.D.Mo.1994), the United States District Court for the Eastern District of Missouri held that "political subdivisions are not immune from punitive damage awards under the MHRA, because the MHRA specifically defines employer to include political subdivisions." *Id.* at *1 (*citing Sullivan v. Curators of the University of Missouri,* Cause No. 91–1150C(7) (E.D.Mo. Dec. 4, 1992)). *See also Kizer v. Curators of the University of Missouri,* 816 F.Supp. 548, 552 (E.D.Mo.1993) (hold-

---

1. Interestingly, the section allowing punitive damages specifically denies attorney's fees to a "state agency or commission or a local

commission," but does not place any such limitation on the awarding of punitive damages.

ing that the MHRA allows punitive damages against a political subdivision).

This has also been the interpretation of substantially similar laws in other states. The Third Circuit Court of Appeals, in *Gares v. Willingboro Tp.*, 90 F.3d 720 (3rd Cir.1996), held that the New Jersey Law Against Discrimination ("LAD") allowed punitive damages against municipalities because the term "employer" is defined to include "the State, any political or civil subdivision thereof, and all public officers, agencies, board or bodies." *Id.* at 726. *See also Hurley v. Atlantic City Police Dept.*, 174 F.3d 95, 123 (3rd Cir.1999) (punitive damages allowed against police department).

The Supreme Judicial Court of Massachusetts, in *Bain v. City of Springfield*, 424 Mass. 758, 678 N.E.2d 155 (1997), held that the City of Springfield is subject to punitive damages under the Massachusetts antidiscrimination statute because the statute included all political subdivisions in the definition of employer. *Id.* at 159. After pointing to the definition of employer and the fact that punitive damages are allowed under the statute, the court held that the "natural and ordinary reading of these provisions is that the Commonwealth and its subdivisions are liable for punitive damages on the same basis as other 'persons' and 'employers.'" *Id.* The court went on to say that "it is hard to imagine how else the Legislature should have written this rather complex and lengthy statute to include among its intended effects the result of subjecting the Commonwealth to punitive as well as actual damages." *Id.*

This is exactly the conclusion that this Court has reached in its examination of the statute. In order to prevent the MHRA from being even more "voluminous" it is necessary to use certain shortcuts, such as a definition section. Therefore, the legislature must have intended the damages provision, which includes punitive damages with no limiting language, to apply to all "employers," including the employer at issue in this case. As the Eighth Circuit

recently stated in *Simpson v. United States*, 183 F.3d 812 (8th Cir.1999), in a case involving interpretation of a federal statute:

> The entire concept of written law, indeed of all verbal communication, depends on the idea that words have *some* meaning. It is true that the ingenuity of lawyers can usually scrape up some tag end of ambiguity on which to hang a policy hat. But judges are obliged, unless there is a substantial uncertainty as to the meaning of the words of a statute, to apply the statute as written, unless the words are simply nonsense, or self-contradictory, or something of that kind.

*Id.* at 816 (emphasis in original).

 It is the opinion of this Court, from reading the plain language of the MHRA, that municipal corporations are to be subject to the Act in the same manner as any other employer, including the award of punitive damages. Accordingly, the plaintiff's request for punitive damages remains.

### IV. *Conclusion*

For the reasons stated above, it is hereby

ORDERED that defendants Smith, Argabright, McDonnell, Alley and Galloway's Motion to Dismiss Count II (Doc. # 19) is granted in part and denied in part. It is further

ORDERED that defendants Smith, Baker, Argabright, McDonnell, Alley and Galloway's Motion to Dismiss Count III and the City of Archie's Motion to Partially Dismiss Count III (Doc. # 23) is granted in part and denied in part. It is further

ORDERED that Count II is dismissed as to the individual defendants in their official capacity. It is further

ORDERED that Count III is dismissed as to the individual defendants.